IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEPHANIE DAMADIO,                    )
                                      )
            Plaintiff,                )
                                      )
      v.                              )
                                      ) Civil Action No. 06-01503 (RJL)
DIRK KEMPTHORNE,                      ) ECF
SECRETARY,                            )
U.S. DEPARTMENT OF THE INTERIOR,      )
                                      )
            Defendant.                )
_____)

## ANSWER

Defendant hereby answers Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff has failed to exhaust all of her administrative remedies.

## SECOND DEFENSE

The Court lacks subject matter jurisdiction over those claims on which Plaintiff has failed

to exhaust her administrative remedies.

## THIRD DEFENSE

The Complaint fails to state a claim upon which relief may be granted as to those claims

on which Plaintiff has failed to exhaust her administrative remedies.

\*    \*    \*

Defendant hereby answers the numbered paragraphs of Plaintiff's Complaint as follows,

using the same numbering Plaintiff used in her Complaint:

    1.  Paragraph 1 contains Plaintiff's statement about her complaint and allegations of

discrimination and reprisal to which no answer is required, but, to the extent an answer is

deemed required, it is denied.

2.  Paragraph 2 contains Plaintiff's request for relief regarding her complaint to which no answer is required, but, to the extent an answer is deemed required, it is denied.

3.  Admit the first and second sentences.  Deny the third sentence except to aver that from 1994 through October 15, 2005, Plaintiff was the Bureau of Land Managements' (BLM) nationwide lead for museum collections, and coordinator of the Native American Graves Protection and Repatriation Act Program for BLM's Headquarters in Washington, D.C.

4.  Admit the first and second sentences of paragraph 4.

5.  Paragraph 5 contains Plaintiff's jurisdictional allegation to which no answer is required, but, to the extent an answer is deemed required, it is denied.

6.  Paragraph 6 contains Plaintiff's jurisdictional allegation to which no answer is required, but, to the extent an answer is deemed required, it is denied.

7.  The first sentence contains Plaintiff's venue allegation to which no response is required, but, to the extent an answer is deemed required, it is denied.   Admit the second sentence.  The third sentence is a conclusion of law to which no answer is required, but, to the extent an answer is deemed necessary, it is denied.  Admit the fourth sentence.

8.  Admit the first sentence.  Deny the second sentence.  Admit the third sentence.  Deny the fourth sentence.

9.  Admit the first sentence.  The second sentence is a conclusion of law to which no answer is required, but, to the extent an answer is deemed necessary, it is denied.  Admit the third, fourth, and fifth sentences.

10.  Admit the first three sentences.  Deny the fourth sentence except to aver that by

notice dated August 12, 2005, Plaintiff filed an appeal regarding Defendant's Final Agency

Decision. Deny the fifth sentence except to aver that Plaintiff's appeal to the Office of Federal

Operations of the EEOC has been pending for over one year.

11. Admit the first sentence. The second sentence is a conclusion of law to which no

answer is required, but, to the extent an answer is deemed necessary, it is denied.

12. Deny the first sentence except to aver that Plaintiff's second discrimination

complaint primarily concerned her non-selection for the position of Group Manager, GS-0301-

14/15, Cultural and Fossil Resources and Tribal Consultation Group. The second sentence is a

conclusion of law to which no answer is required, but, to the extent an answer is deemed

necessary, it is denied. Admit the third and fourth sentences.

13. Defendant lacks information sufficient to form a belief as to the truth of the

allegations asserted in the first sentence, and, on that basis, denies the sentence. Deny the

second sentence on the ground that it assumes the truth of the first sentence, which Defendant

has denied except Defendant avers that the Agency conducted an investigation of Plaintiff's

EEO complaint between September 8, 2005 and October 31, 2005. Defendant lacks information

sufficient to form a belief as to the truth of the allegation asserted in the third sentence, and, on

that basis denies the sentence, except to aver that Plaintiff did not provide the EEO investigator

with a sworn statement in connection with her second complaint. Admit the fourth sentence.

14. Admit the first, second, third, and fourth sentences. Deny the fifth sentence.

15. Admit the first and second sentences.

16. Admit the first sentence. Deny the second sentence. Because Plaintiff has not

identified who she speaks of when she makes her statement about "the Agency's EEO staff," and

what she is speaking of when she speaks of "additional information," the third sentence is unintelligible. Accordingly, Defendant lacks information sufficient to form a belief as to the truth of the allegations asserted in the third sentence, and, on that basis denies them. Deny the fourth sentence.

17. Admit the first sentence. Plaintiff's second sentence is unintelligible and, on that basis, Defendant lacks information sufficient to form a belief as to the truth of the allegation asserted, and, so, denies it. Plaintiff's third and fourth sentences are conclusions of law to which no answers are required, but, to the extent answers are deemed necessary, they are denied.

18. Defendant lacks information sufficient to form a belief as to the truth of the allegation asserted in the first, second, and fifth sentences, and, on that basis denies these sentences. Based on information supplied to Defendant by Plaintiff, admit the third and fourth sentences.

19. Defendant lacks information sufficient to form a belief as to the truth of the allegations asserted in the three sentences in paragraph 19, and, on that basis, denies them.

20. Deny the first sentence. Defendant lacks information sufficient to form a belief as to the truth of the allegations asserted in the second sentence, and, on that basis, denies the sentence. Deny the third sentence. Defendant lacks information sufficient to form a belief as to the truth of the allegations asserted in the fourth and fifth sentences, and, on that basis, denies these sentences.

21. Defendant lacks information sufficient to form a belief as to the truth of the allegation asserted in the first, second, third and fourth sentences, and, on that basis, denies these sentences.

22. Admit the first and second sentences.  Regarding the third sentence, admit that Plaintiff and Ms. Nickels held conversations about Plaintiff's request for an accretion of duties promotion.  Deny the fourth sentence.

23.  Deny each sentence in the paragraph.

24.  Deny the first two sentences.  Deny the third sentence on the ground that it assumes the truth of the second sentence of paragraph 23, which Defendant has denied.

25.  Deny the first sentence except to aver that two individuals with duties different than those of Plaintiff were hired to work in Dr. Nickels' unit at the GS-14 level, and one individual with duties different than those of Plaintiff was hired at the GS-13 level.  Regarding the second sentence, Defendant lacks information sufficient to form a belief as to the truth of the allegation asserted.

26.  Defendant lacks information sufficient to form a belief as to the truth of the allegation asserted in the first, fourth, and fifth sentences, and, on that basis, denies them.  Deny the second and third sentences.

27.  Deny the first and second sentences.  Defendant lacks information sufficient to form a belief as to the truth of the allegation asserted in the third sentence, and, on that basis, denies the sentence.  The fourth sentence is unintelligible and therefore, Defendant lacks information sufficient to form a belief as to the truth of the allegation asserted therein, and on that basis, denies it.  Deny the fifth sentence except to aver that Plaintiff was not promoted to the GS-14 level by Dr. Nickels.

28.  Deny the first sentence.  Admit the second sentence.  Regarding the third sentence, admit that Bob Abbey believed Plaintiff's work performance was at the GS-14 level, and that he

5

raised Plaintiff's request for reclassification to his managerial level.  Regarding the fourth

sentence, admit that at the request of Mr. Abbey Plaintiff prepared a position description in

which she described her duties.  Deny all other claims not specifically admitted.

29.  Admit the paragraph.

30.  Deny each sentence in the paragraph.

31.  Deny the first and second sentences.  Deny the third sentence except to aver that Dr.

Nickels issued Plaintiff a letter of Counseling for failing to follow the supervisory chain of

command in communicating on issues for which she (Dr. Nichols) had responsibility.

32.  Deny the first sentence except to aver that from late September 2002 until mid-

December 2002, Ms. Smelcer served on a detail during which she held the position of Acting

Deputy Assistant Director 200.  Deny the second and third sentences.

33.  Deny the first, third, and fourth sentences.  Admit the second and fifth sentences.

34.  Deny the first two sentences.  Admit the third sentence.  Defendant lacks information

sufficient to form a belief as to the truth of the allegation asserted in the fourth sentence, and, on

that basis, denies it.  Deny the fifth sentence.

35.  Deny the first sentence.  Regarding the second sentence, because Plaintiff has not

identified "anything," the sentence is unintelligible.  Accordingly, Defendant lacks information

sufficient to form a belief as to the truth of the allegation asserted and, on that basis, denies the

second sentence.  Deny the third sentence.

36.  Admit the first sentence.  Deny the second and third sentences.

37.  Admit the first sentence.  Deny the second sentence except to aver that Mr. Scott's

Position Evaluation Statement states that "no grade level criteria are provided in the Standard for

Staff Curator positions, because of the small number of positions of this nature." Defendant lacks information sufficient to form a belief as to the truth of the allegation asserted in the third and fourth sentences, and, on that basis, denies these sentence.

38.  Deny the allegations contained in first sentence except to state that the letter speaks for itself. Deny the second sentence. Because Plaintiff has failed to identify who she alleges told her "Human Resources said there was no reason to address her concerns," and the identity of the individual(s) within "Human Resources" who allegedly made this statement, the third sentence is unintelligible. Accordingly, Defendant lacks information sufficient to form a belief as to the truth of the allegation asserted, and, on that basis, denies the third sentence. Deny the fourth sentence.

39.  The first sentence is a conclusion of law to which no answer is required, but, to the extent an answer is deemed necessary, Defendant denies the first sentence. Deny the second, third, and fourth sentences.

40.  Deny all of the sentences in the paragraph.

41.  Because Plaintiff has not identified which "incidents" she speaks of in the first sentence, the sentence is unintelligible. Accordingly, Defendant lacks information sufficient to form a belief as to the truth of the allegation asserted in the sentence, and, on that basis, denies the first sentence. The second sentence is a conclusion of law to which no answer is required, but, to the extent an answer is deemed necessary, it is denied.

42.  Deny the first and second sentences. Deny the third sentence on the ground that it assumes the truth of the second sentence which Defendant has denied. Plaintiff's fourth sentence is vague and unintelligible. Accordingly, Defendant denies the fourth sentence on the basis that

Defendant lacks information sufficient to form a belief as to the truth of the allegation asserted. Deny the fifth sentence on the ground that it assumes the truth of the second sentence which Defendant has denied.  Further, regarding the fifth sentence, Defendant denies that while Plaintiff was under Dr. Nickels's supervision she had co-workers who had duties and responsibilities similar to hers.  Deny the sixth sentence on the ground that it assumes the truth of the fifth sentence, which Defendant has denied.

43.  Deny the first sentence.  Regarding the second sentence, Defendant lacks information sufficient to form a belief as to the truth of Plaintiff's allegation about her arrival time at work and on that basis denies it.  Defendant denies that Dr. Nickels excluded Plaintiff from staff teleconferences.  Deny the third and fourth sentences.

44.  Deny the first sentence.  Deny the second sentence on the ground that it assumes the truth of the first sentence, which Defendant denied, except Defendant avers that sometime in September 2002 a meeting occurred in California during which Dr. Nickels, Robin Burgess and Russell Kaldenberg spoke about Plaintiff.  Defendant lacks information sufficient to form a belief as to the truth of the third sentence and on that basis denies the sentence.  Regarding the fourth sentence, admit that Mr. Kaldenberg relayed to Dr. Nickels and Robin Burgess that he gets along with Plaintiff.  Deny the fifth sentence.  Regarding the sixth sentence, admit that Mr. Kaldenberg recalls saying to Dr. Nickels and Robin Burgess that he has never had any problems with Plaintiff and that she was responsive and helpful to him regarding work matters.

45.  Deny the first sentence.  Defendant lacks information sufficient to form a belief as to what Plaintiff expressed to whom about believing that she had been subjected to a hostile work environment, and, on that basis, denies the second sentence.  Defendant avers that Defendant did

8

not subject Plaintiff to an unlawful hostile work environment.

46.  The first sentence is a conclusion of law to which no answer is required, but, to the extent an answer is deemed necessary, it is denied.  Admit the second sentence.

47.  Admit the two sentences in the paragraph.

48.  Regarding the first sentence, admit that Plaintiff was a qualified candidate for the position of Group Manager, GS-0301-14/15.  Admit the second, third, and fourth sentences.

49.  Admit the first two sentences.  Deny the third sentence.

50.  Deny the first sentence.  Deny the second sentence on the ground that it assumes the truth of the first sentence which Defendant denied.

51.  Deny the first and second sentences.  Admit the third sentence.  Regarding the fourth sentence, admit that the interview panel did not forward Plaintiff's name to the selecting official but deny the remainder of the allegations and characterizations in this sentence.

52.  Admit the first sentence.  Deny the second sentence.  Admit the third sentence. Regarding the first phrase of the fourth sentence, deny that at the time they interviewed Ms. McClellan the individuals on the interview panel and the selecting official knew that Ms. McClellan  "[had] been the subject of EEO complaints in the past."  Deny the second phrase of the fourth sentence on the ground that it assumes that the individuals on the interview panel and the selecting official knew about Ms. McClellan being the "subject of EEO complaints in the past," which Defendant has denied.  Deny all allegations not specifically admitted in this paragraph.

53.  Admit the first sentence.  Deny the second and third sentences.

54.  Admit the first sentence.  Deny the second sentence except to aver that Plaintiff

drafted national policy regarding NAGPRA and Museum Collections, and authored comments on the regulations of the NAGPRA. Plaintiff has not identified the context for which she makes the assertions in the third sentence, and, therefore, the sentence is unintelligible. Because the third sentence is unintelligible Defendant lacks information sufficient to form a belief as to the truth of the allegations asserted and, therefore, denies the third sentence.

55. Admit the first sentence. Deny the second sentence. Plaintiff has not identified the context for which she makes the assertions in the third sentence, and, therefore, the sentence is unintelligible. Accordingly, Defendant lacks information sufficient to form a belief as to the truth of the allegations asserted and, therefore, denies the third sentence. Admit the fourth sentence, but avers that the selectee was otherwise qualified.

56. Admit the first sentence. The second, third and fourth sentences are unintelligible, and therefor, Defendant lacks information sufficient to form a belief as to the truth of the allegations asserted and, therefore, denies these sentence.

57. Admit the first sentence. Defendant lacks information sufficient to form a belief as to the truth of the allegations asserted in the second sentence, and, on that basis, denies the sentence. Admit the third sentence.

58. Defendant lacks information sufficient to form a belief as to the truth of the allegation asserted in the first phrase of the first sentence, and, on that basis, denies the sentence. Admit the second phrase of the first sentence.

59. Deny the first two sentences. Deny the third and fourth sentences on the ground that they assume the truth of the second sentence which Defendant has denied, except Defendant avers that Ms. McClellan is an American Indian.

60.  Admit the first sentence.  The second sentence, including its subparts, is a conclusion of law to which no answer is required, but, to the extent an answer is deemed necessary, the second sentence, including its subparts, is denied.

61.  Defendant lacks information sufficient to form a belief as to the truth of the allegation asserted in the first sentence, and, on that basis, denies the sentence.  Admit the second sentence.

62.  Deny the sentence, except to admit that Robert Laidlaw sent Ms. McClellan an e-mail on November 29, 2004, relaying that Plaintiff had been admitted to the hospital on Thanksgiving Day, diagnosed with meningitis, and Plaintiff anticipated being out of the office for several weeks.

63.  Deny the first sentence, except to aver that Plaintiff faxed a physician's certificate of illness to Ms. Sheila Wells.  Regarding the second sentence, admit that Mr. Laidlaw e-mailed Plaintiff's workload analysis to Ms. McClellan, and deny that Ms. McClellan "demanded" the analysis.

64.  Defendant lacks information sufficient to form a belief as to the truth of the allegation in paragraph 64, and, on that basis, denies the paragraph.

65.  Regarding the first sentence, admit that Plaintiff gave a teleconference presentation on December 7, 2004, but deny that she "discussed her workload for the immediate future." Admit the second sentence.

66.  The first sentence is a conclusion of law to which no answer is required, but, to the extent an answer is deemed necessary, it is denied.  Deny the second sentence on the ground that it assumes the truth of the first sentence, which Defendant has denied.

67. Deny the first sentence. Regarding the second sentence, admit that Ms. McClellan approved Plaintiff's request for sick leave for the period December 13, 2004 - January 16, 2005.

68. Because Plaintiff has not identified the period she means by "during this time" or what "ongoing legal action involving the Bureau" she speaks of, the first sentence is unintelligible. Accordingly, Defendant lacks information sufficient to form a belief as to the truth of the allegation asserted and, therefore, denies the sentence. Deny the second sentence on the ground that it assumes the truth of the first sentence, which Defendant has denied. Deny the third sentence. Plaintiff has not identified the "[b]ureau officials she speaks of in the fourth sentence and, therefore, the sentence is unintelligible. Accordingly, Defendant lacks information sufficient to form a belief as to the truth of the allegation asserted and, therefore, denies the sentence. Regarding the fifth sentence, Plaintiff has not identified what period she speaks of when she states "this period," and, therefore, the sentence is unintelligible. Accordingly, Defendant lacks information sufficient to form a belief as to the truth of the allegation asserted and, therefore, denies the sentence. If by "this period" Plaintiff means the period December 2004 - January 2005, deny that Plaintiff received a letter of commendation during this period, and aver that Plaintiff received a letter of appreciation from a Regional Solicitor for her assistance with the litigation on a Solicitor's Office case.

69. Admit paragraph 69.

70. Deny the first and second sentences.

71. Admit the first and second sentences.

72. Regarding the first sentence, deny that Ms. McClellan "unilaterally changed [Plaintiff's] annual leave to sick leave," and aver that Ms. McClellan changed Plaintiff's time

sheet after conferring with Agency Personnel Specialists about the proper action to take.  Deny the second sentence.

73.  Deny the first sentence, except to aver that Ms. McClellan questioned the sufficiency of one of the three medical statements Plaintiff submitted.  Regarding the second sentence, deny that Ms. McClellan's letter to Plaintiff dated January 10, 2005, "demands" that Plaintiff provide her with additional medical information.  Regarding the third sentence, admit that Ms. McClellan requested Plaintiff to submit additional medical information, January 18, 2005, and deny characterizations of the deadline as "profoundly unrealistic."

74.  Deny the first sentence.  Regarding the second sentence, admit that Plaintiff e-mailed Ms. McClellan and reminded her that she was back in the office, not at home.

75.  Paragraph 75 is a conclusion of law to which no answer is required, but, to the extent an answer is deemed necessary, it is denied.

76.  Deny the first sentence except to aver that Ms. McClellan sent Plaintiff a second request for medical information so that she could affirm that the sick leave she granted Plaintiff was an appropriate use of her leave.  Admit the second sentence.

77.  Regarding the first sentence, deny that Dan Martin had the same or similar job duties and responsibilities as Plaintiff, and aver that he was absent for two weeks for medical treatment.  Deny the second sentence.  Deny the third sentence except to aver that Mr. Martin submitted a sick leave slip after Ms. McClellan requested it from him.

78.  Admit the first sentence.  Deny the second sentence.  Deny the third sentence on the ground that it assumes the truth of the second sentence which Defendant has denied.

79.  Regarding the first sentence, deny that Richard Brook and Plaintiff have or had the

same duties and responsibilities, and admit the remainder of the sentence.  Admit the second and third sentences.

80.  Deny the first sentence.  Admit the second and third sentences.

81. Regarding the first sentence, admit that by memorandums dated February 14, 2005 and March 17, 2005, Plaintiff requested that Ms. McClellan correct adjustments she had made to Plaintiff's sick leave.  Deny the second sentence.

82.  Admit the first sentence, except deny that Plaintiff was acting as the "Bureau's representative."  Defendant lacks information sufficient to form a belief as to the truth of the allegation asserted in the second sentence, and, on that basis, denies the sentence.

83. Regarding the first sentence, admit that Ms. McClellan issued Plaintiff a letter of counseling on May 16, 2005 for Plaintiff's "repeated failure to follow instructions, specifically regarding the need for [Plaintiff] to follow the supervisory chain of command in communicating on issues for which [McClellan] a responsibility."  Regarding the second sentence, admit that in her letter of counseling to Plaintiff Ms. McClellan stated, "Please be aware that if further infractions of this sort occur, disciplinary action may be initiated."

84.  Deny the first sentence.  Defendant lacks information sufficient to form a belief as to the truth of the allegations asserted in the second and third sentences, and, on that basis, denies these sentences.

85.  The first sentence is a conclusion of law to which no answer is required, but, to the extent an answer is deemed necessary, it is denied.  Admit the second sentence.

86.  The first and second sentences are conclusions of law to which no answers are required, but, to the extent answers are deemed necessary, they are denied.

87. Deny the allegations in this paragraph except to state that the Plaintiff faxed Ms. McClellan documents, which speak for themselves.

88. Deny the paragraph except to aver that Ms. McClellan requested that Plaintiff provide her with additional information about her medical condition.

89. Deny the first sentence except to state that the document speaks for itself. Deny the second sentence, except to aver that Ms. McClellan informed Plaintiff that AWOL was one of many actions that could result from Plaintiff's behavior. Defendant further denies the mis-characterization of the letter and any legal conclusions within this paragraph.

90. Admit the first and second sentences. The third sentence is a conclusion of law and contains mis-characterizations, to which no answer is required, but, to the extent an answer is deemed necessary, it is denied.

91. Admit the first sentence, except aver that the e-mail was dated September 7, 2005 and speaks for itself. Deny the second sentence. The third sentence is a conclusion of law to which no answer is required, but, to the extent an answer is deemed necessary, it is denied.

92. Admit the first sentence. Deny the second sentence. Defendant lacks information sufficient to form a belief as to the truth of the allegations Plaintiff asserts in the third sentence and on that basis denies the sentence.

93. Deny the first sentence. Regarding the second sentence, admit that Plaintiff received Mr. Smith's written notice of his request to interview her the night before her scheduled interview, but aver that Mr. Smith had, by telephone, given Plaintiff at least six days' oral notice of the interview date and advice that she would not receive his written notice about the interview for a few days. Regarding the second sentence, deny that Mr. Smith "demanded" that Plaintiff

15

attend an interview.  Regarding the third sentence, deny that Mr. Smith made an "unreasonable demand" of Plaintiff, and aver that Plaintiff elected not to provide a statement to Mr. Smith about her EEO complaint.

94.  Deny this paragraph except to aver that in its Final Agency Decision regarding Plaintiff's administrative discrimination complaint, regarding her non-selection and allegation that she had been subjected to a hostile work environment, Defendant's Office of Civil Rights considered Plaintiff's failure to participate in the EEO investigation of her complaint.

95.  Deny the first sentence except to state that the November 16, 2006 document speaks for itself.  Deny the second sentence.

96.  Deny the first sentence except to state that the document speaks for itself.  Further, the first sentence contains a conclusion of law to which no answer is required, but, to the extent an answer is deemed necessary, it is denied.   Defendant lacks information sufficient to form a belief as to the truth of the allegations asserted in the second sentence, and, on that basis, denies the sentence.

97.  Regarding the first sentence, admit that Ed Shepard approved Plaintiff's reassignment after Mr. Pool offered Plaintiff a permanent assignment.  The second sentence is a conclusion of law to which no answer is required, but, to the extent an answer is deemed necessary, it is denied.  Deny the third sentence on the ground that it assumes the truth of the second sentence which Defendant has denied.  Defendant denies that Plaintiff was subjected to a hostile work environment.

98.  Deny the paragraph.

99.  Defendant lacks information sufficient to form a belief as to the truth of the

allegations asserted in the first and second sentences, and, on that basis denies these sentences. Defendant denies that there were white males in Plaintiff's division who had the same duties and responsibilities as her.

100. Deny the paragraph.

101. Paragraph 101 asserts a conclusion of law to which no answer is required, but, to the extent an answer is deemed necessary, paragraph 101 is denied.

102. Paragraph 102 asserts a conclusion of law to which no answer is required, but, to the extent an answer is deemed necessary, it is denied.

103. Deny paragraph 103.

104. Paragraph 104 asserts a conclusion of law to which no answer is required, but, to the extent an answer is deemed necessary, it is denied.

105. Paragraph 105 asserts a conclusion of law to which no answer is required, but, to the extent an answer is deemed necessary, it is denied.

106. Paragraph 106 asserts a conclusion of law to which no answer is required, but, to the extent an answer is deemed necessary, it is denied.

107. Paragraph 107 asserts a conclusion of law to which no answer is required, but, to the extent an answer is deemed necessary, it is denied.

108. Paragraph 108 asserts a conclusion of law to which no answer is required, but, to the extent an answer is deemed necessary, it is denied.

109. Paragraph 109, including subparts A - E, sets forth Plaintiff's request for relief to which no answer is required, but, to the extent an answer is deemed necessary, Defendant denies that Plaintiff is entitled to any relief whatsoever.

110.  Paragraph 110 sets forth Plaintiff's request for a jury trial to which no answer is required, but, to the extent an answer is deemed necessary Defendant denies that Plaintiff is entitled to a jury trial.

\* \* \*

Defendant hereby denies any and all allegations of Plaintiff's Complaint For Discrimination not specifically admitted or qualified in the above-stated responses.  Defendant specifically denies that Defendant has discriminated or retaliated against Plaintiff or subjected her to a hostile work environment.  Defendant denies that Plaintiff is entitled to any damages or attorney's fees in this action, or to any relief whatsoever.

WHEREFORE, having fully answered, Defendant prays that Plaintiff's action be dismissed and for such other and further relief as the Court may deem appropriate.

Dated: November 6, 2006.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR
D.C. Bar #498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS
D.C. BAR #434122
Assistant United States Attorney

_____/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N. W.
Washington, D.C.  20530
(202) 305-4851

*Of Counsel*:
JACQUELINE JACKSON, Esq.
U.S. Department of the Interior

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 6th day of November, 2006, a copy of the foregoing

was served by U.S. mail to:

     Charles W. Day, Jr., Esq.
     Myrrel c. Hendricks, Jr., Esq.
     Gebhardt & Associates, LLP
     1101 17th Street, N.W., Suite 807
     Washington, D.C.  20036-4716


                                  /s/
                              _____
                              MERCEDEH MOMENI
                              Assistant United States Attorney
                              Judiciary Center
                              555 Fourth Street, N.W.
                              Washington, D.C.  20530