UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEPHANIE DAMADIO | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Civil Action No. 06-01503 (RJL) |
| | ) | ECF |
| DIRK KEMPTHORNE, | ) | |
| Secretary, Department of the Interior | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JOINT REPORT PURSUANT TO RULE 16.3**

Pursuant to LCvR 16.3, the parties hereby report to the Court that counsel for the parties conferred by telephone in December 2006. As a consequence of these conferences, the parties, by and through undersigned counsel, hereby report to the Court as follows:

**(1)  Dispositive Motions.**

At this point, the Plaintiff believes the entire case cannot be resolved by dispositive motion. The Defendant intends to file a motion for summary judgement after the close of discovery. There are no pending motions. The parties do not believe that discovery should be stayed for dispositive motions.

**(2)  a.  Deadline for Joining Additional Parties or Amending Pleadings.**  Neither party anticipates joining additional parties or amending their pleadings, but agree to do so within 180 days from the date of the Initial Scheduling Conference if needed. Plaintiff and Defendant believe that the legal or factual issues cannot be narrowed at this time.

1

    **b.**    **Agreement as to Factual and Legal Issues:** Whether Plaintiff was unlawfully discriminated or retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et sue., and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

**(3)**    **Assignment to Magistrate Judge.** Neither Plaintiff nor Defendant agrees to have this case referred to a Magistrate Judge for all purposes. However, the parties would like a referral to a Magistrate Judge to facilitate settlement discussions at an early point in the case.

**(4)**    **Prospects of Settlement.** The parties believe that there is a genuine possibility of settlement, and that further discussions on this point would be beneficial at this time before incurring discovery costs.

**(5)**    **Alternate Dispute Resolution (ADR).** The parties request that this case be referred to a Magistrate Judge for settlement discussions for the next 60 days.

**(6)**    **Resolution by Summary Judgment.** At this point, the Plaintiff does not believe this entire case can be decided by dispositive motion. The Defendant intends to file a motion for summary judgement after the close of discovery. The parties agree that any motions for summary judgment will be filed within 45 days after the close of discovery, that oppositions or cross-motions be filed 30 days thereafter, and any that replies be filed 30 days after the filing of the oppositions or cross-motions.

**(7)**    **Initial Disclosures.** The parties have agreed that the administrative record satisfies the requirements for Initial Disclosures.

**8.     The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is necessary; and a date for completion of all discovery.**  The parties agree that each party should be limited to ten (7) depositions and twenty five (25) each of interrogatories, requests for production of documents and requests for admissions.  The parties also state that a Privacy Act protective order will be necessary due to the nature of documents sought in discovery.  The parties request six months to complete factual discovery.  The parties also request that a period of three months be allotted for damages discovery, pursuant to the request for bifurcation of discovery set forth in item 11, below.

**9.     Whether the requirements of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F. R. Civ. P., should be modified, and whether and when depositions of experts should occur.**  The parties do not believe the requirements of Rule 26(a)(2), Fed. R. Civ. P., should be modified. However, the parties anticipates that the only expert witnesses in this case will address the issue of damages, and not liability.  The parties would thus request that the exchange of expert reports and any expert depositions take place after the resolution of dispositive motions, thus avoiding the time and expense of expert discovery if the case is resolved on a motion.  A scheduling order on damages discovery, including expert damages discovery, would be submitted after the resolution of dispositive motions, with all damages discovery to be completed in a three month period.

**(10)    Class Action Procedures.**  Not applicable.

**(11)    Bifurcation of Trial and/or Discovery.**  The discovery in this case should be bifurcated between liability issues and damages issues.  The discovery deadlines in ¶ (8) provided separate

deadlines for liability discovery and for damages discovery.

**12)**     **Date for Pretrial Conference.**  The parties request that the Court set a pretrial conference date 30 days after ruling on any dispositive motions, or 30 days after the deadline for filing dispositive motions, if no such motions are filed.

**(13)**     **Trial Date.**  The parties request that a trial date be set at the pretrial conference.

(14)     **Other Matters.**  Pursuant to the Court's Order,

(a)     Plaintiff Provides the Following Statement of Plaintiffs Case:

Plaintiff, Stephanie Damadio, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et sea.,and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Plaintiff claims that based on her race(Hispanic), gender (female) and retaliation for prior EEO activity that Plaintiff was discriminated against by Defendant. Plaintiff seeks the following remedies:

1. Retroactive promotion to the GS-14 position she was denied with full back pay and benefits;

2. Correction and expungement of Agency records including her personnel records to eliminate discriminatory negative references;

3. Compensatory damages in the amount of $155,000; and

4. Costs and expenses, including the reasonable attorney fees incurred in bringing this action and the previous administrative complaints.

(b)     Defendant denies that any acts of discrimination or retaliation occurred, and further avers that any employment decisions impacting the Plaintiff were for legitimate, non discriminatory reasons.

                    Respectfully submitted,

| | |
|---|---|
| _s/with authorization_____ | _____/s/_____ |
| CHARLES W. DAY, Jr. | JEFFREY A. TAYLOR |
| D.C. Bar # 459820 | D.C. Bar # 488610 |
| MYRREL C. HENDRICKS, JR | United States Attorney |
| D.C. Bar # 291781 | |
| GERHARDT & ASSOCIATES, LLP | |
| 1101 17th Street, N.W. | |
| Suite 607 | _____/s/_____ |
| Washington, DC 20036-4718 | RUDOLPH CONTRERAS |
| (202) 496-0400 | D.C. Bar # 434122 |
| | Assistant United States Attorney |
| | |
| Attorneys for Plaintiff | |
| | _____/s/_____ |
| | MERCEDEH MOMENI |
| | Assistant United States Attorney |
| | Judiciary Center Building, Rm. E4208 |
| | 555 Fourth Street, N.W. |
| | Washington, D.C. 20530 |
| December 15, 2006 | (202) 305-4851 |
| | |
| | Attorneys for Defendant |

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHANIE DAMADIO, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 06-01503 (RJL) |
| DIRK KEMPTHORNE, | ) ECF |
| SECRETARY, | ) |
| U.S. DEPARTMENT OF THE INTERIOR, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

## **SCHEDULING ORDER**

UPON CONSIDERATION of the parties Report Pursuant to Rule 16.3 it is hereby this

_____, day of December, 2006 ORDERED

1. That this case is assigned until February 15, 2007, to Magistrate Judge _____ _____ to facilitate settlement discussions;

2. That the parties have agreed to dispense with initial disclosures;

3. That the deadline for joining additional parties or amending the pleadings shall be _____ 2007;

4. That the deadline for proponent's Rule 26(a)(2) expert report shall be, _____ 2007;

5. That the deadline for opponent's expert reports shall be _____ 2007;

6. That the close of discovery on liability shall be August 15, 2007;

7. That dispositive motions shall be due by October 15, 2007; oppositions and cross motions shall be due within 30 days of any dispositive motions; and replies shall be due within 30 days thereafter.

                                            RICHARD J. LEON
                                            UNITED STATES DISTRICT JUDGE

Copies to:

Charles W. Day, Jr. Esq.
Myrrel C. Hendricks, Jr., Esq.
GEBHARDT & ASSOCIATES, LLP
1101 17TH Street, N.W.
Suite 607
Washington, DC 20036-4718

Mercedeh Momeni, Esq.
Assistant United States Attorney
Judiciary Center Building
555 4th Street, NW
Washington, DC 20530