UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHANIE DAMADIO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 06-01503 (RJL) |
| DIRK KEMPTHORNE, | ) ECF |
| SECRETARY, | ) |
| U.S. DEPARTMENT OF THE INTERIOR, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**DEFENDANT'S MOTION TO ENLARGE PLAINTIFF'S DEPOSITION TIME**

Defendant Dirk Kempthorne, Secretary of the Department of Interior, ("defendant" or "the Department"), by and through undersigned counsel, respectfully moves to enlarge time, pursuant to Fed. R. Civ. P. 26(b)(2), requiring the plaintiff to appear for not more than two days of deposition testimony on September 11 and 12, 2007.  Up to seven hours of additional deposition time will be necessary given the length and breadth of plaintiff's complaint.  Furthermore, plaintiff's complaint contains allegations dating back to 1999, necessitating additional time for a fair examination.

Pursuant to Local Rule 7(m) undersigned counsel conferred with plaintiff's counsel who indicated that plaintiff would not consent to extending her deposition time by seven hours.[1]

---

[1] Beginning on or about July 19, 2007, Defendant requested plaintiff's position on a two-day deposition.  Plaintiff finally provided a negative response via letter dated August 15, 2007.  A last request was sent, with respect to the filing of this motion, via electronic mail in the afternoon of August 15, 2007.  To date no reply has been received to the electronic mail.

1

Wherefore defendant requests that this Motion to Enlarge Plaintiff's Deposition Time be granted. A memorandum of points and authorities in support of this motion and a proposed Order are filed herewith.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR
D.C. Bar #498610
United States Attorney

\_\_\_\_\_/s/_____
RUDOLPH CONTRERAS
D.C. BAR #434122
Assistant United States Attorney

_____/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N. W.
Washington, D.C.  20530
(202) 305-4851

*Of Counsel*:
JACQUELINE JACKSON
Senior Attorney
U.S. Department of the Interior
Office of the Solicitor
Washington, DC 20240

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHANIE DAMADIO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 06-01503 (RJL) |
| DIRK KEMPTHORNE, SECRETARY, | ) ECF |
| U.S. DEPARTMENT OF THE INTERIOR, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION TO ENLARGE DEPOSITION TIME**

I.   INTRODUCTION

Plaintiff's five count, one hundred ten-paragraph complaint encompasses three separate internally-filed Equal Employment Opportunity matters, potentially involving sixty-five individuals[2] plus plaintiff and expert witnesses. Yet, in response to defendant's request for an additional seven hours deposition time, plaintiff replied that she saw "no basis" for the Department's request and would not consent to a deposition longer than seven hours. This stance is unreasonable considering the nature of the case, the length and breadth of the allegations, plaintiff's extensive witness list and her role as the sole plaintiff. Therefore, this Court should order that additional time for plaintiff's deposition be made available to defendant, for discovery in the liability phase of this litigation,[3] in accordance with the Federal Rules of

---

[2] In her Rule 26(a)(1) disclosures, provided on August 15, 2007, Plaintiff provides a list of 65 individuals, some of whom are not Department employees, as potential witnesses.

[3] Discovery is bifurcated in this matter. Should plaintiff's complaint survive defendant's dispositive motion, the parties will engage in damages discovery, and consequently, defendant may require additional deposition time to explore damages issues.

3

Civil Procedure.[4]

II.   LEGAL ARGUMENT

Fed. R. Civ. P. 30(d)(2) provides that "a deposition is limited to one day of seven hours." However, "the court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d). As noted in the Advisory Committee Notes to Rule 30, relevant considerations to granting an extension of time beyond th seven hours allowed include whether "the examination will cover events occurring over a long period of time." And whether "the witness will be questioned about numerous or lengthy documents."

Fed. R. Civ. P. 26(b)(2) states that "the court may alter limits in these rules on the length of depositions under Rule 30," unless the court determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other sources that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or the expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2). It is within the power of this Court to allow additional time for a deposition as long as none of the aforementioned situations will result. Fed. R. Civ. P. 30(d)(2).

In this case, plaintiff has filed a forty-six page, five count, one-hundred-ten-paragraph complaint, which encompasses three separate internally-filed Equal Employment Opportunity matters. *See* Compl. generally. Each of the three matters *(id*. pp. 4-8), involve different circumstances and various witnesses. Via her Initial Disclosures, the plaintiff has identified

---

[4] Although the Department may not require the full second day of testimony, depending on the nature of plaintiff's answers, the extra time may, nevertheless, be necessary.

sixty-five potential witnesses, not including expert witnesses, who may be asked to testify at trial, if plaintiff's complaint survives the Department's dispositive motion. Adding to these complexities, plaintiff's allegations relate to numerous events which took place over an extended period of time beginning in or about 1999. *Id.* p. 11.

While the Federal Rules of Civil Procedure state that the parties may agree to extend a deposition if appropriate, plaintiff in this case refuses to make herself available for more than seven hours. *See* Defendant's July 19, 2007 Request with August 8, 2007 Notice of Deposition, Exh. A; and Plaintiff's August 15, 2007 Reply, Exh. B. Seven hours is simply not enough time to question plaintiff about her numerous allegations and the relevant information, as allowed by the Federal Rules. *See* Fed. R. Civ. P. 30(d). Defendant will suffer serious prejudice if it is forced to defend himself without sufficient information about plaintiff's claims and her specific knowledge thereof.

Furthermore, extending the seven hour time limit would not violate any of the Federal Rules' limitations regarding the reasonableness of discovery. Plaintiff is the sole possessor of the knowledge regarding her specific claims. Allowing additional time for her deposition would not be duplicative, overly burdensome or costly. To the contrary, ensuring the availability of both parties for a second day of deposition testimony would save time and expenses, and reduce the likelihood of additional travel for plaintiff, since plaintiff resides in California and the defendant is in the District of Columbia.

III.     CONCLUSION

    For the foregoing reasons, Defendant's Motion to Extend Plaintiff's Deposition Time should be granted.

Dated: August, 17, 2007.

                                  Respectfully submitted,

                                  _____/s/_____
                                  JEFFREY A. TAYLOR
                                  D.C. Bar #498610
                                  United States Attorney

                                  _____/s/_____
                                  RUDOLPH CONTRERAS
                                  D.C. BAR #434122
                                  Assistant United States Attorney

                                  _____/s/_____
                                  MERCEDEH MOMENI
                                  Assistant United States Attorney
                                  Civil Division
                                  555 4th Street, N. W.
                                  Washington, D.C.  20530
                                  (202) 305-4851

*Of Counsel*:
JACQUELINE JACKSON
Senior Attorney
U.S. Department of the Interior
Office of the Solicitor
Washington, DC 20240

CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of August, 2006, a copy of the foregoing Motion to Extend Plaintiff's Deposition Time was filed with the Clerk of the Court and served via the Court's ECF system on Plaintiff's counsel:

Charles W. Day, Jr., Esq.
Myrrel C. Hendricks, Jr., Esq.
Gebhardt & Associates, LLP
1101 17th Street, N.W., Suite 807
Washington, D.C. 20036-4716

/s/
_____
MERCEDEH MOMENI
Assistant United States Attorney
Judiciary Center
555 Fourth Street, N.W.
Washington, D.C. 20530