## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

STEPHANIE DAMADIO,   )
         )
   Plaintiff,   )
         )
  v.       ) Civil Action No.06-1503 (RJL)
         )
DIRK KEMPTHORNE, Secretary )
Department of Interior  )
         )
   Defendant.   )
_____ )

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S
### MOTION TO ENLARGE PLAINTIFF'S DEPOSITION TIME

Plaintiff Stephanie Damadio, by and through undersigned counsel, hereby opposes Defendant's Motion to Enlarge Plaintiff's Deposition Time, pursuant to Fed.R.Civ.P. 26(b)(2), requiring the plaintiff to appear for not more than two days of deposition testimony, and in support of her Opposition states as follows:

### BACKGROUND FACTS

Plaintiff has been employed by the Defendant since 1994. Currently, she occupies a GS-13 position assigned to the Defendant's office is Sacramento, California. This action is a Title VII discrimination case based on gender (female), national origin (Hispanic), and reprisal for protected EEO activities. Plaintiff's Complaint raises three primary discrimination claims:

(1) a failure to promote Plaintiff consistent with the true nature of her duties and responsibilities beginning in 1999;

(2) a failure to select Plaintiff for the position of

Group Manager GS-0301-14/15 in 2004; and

(3) a hostile working environment based on retaliation for her filing of EEO complaints against the Defendant.

See Complaint ¶ 1.

The parties are currently engaged in discovery solely on the issue of liability. By agreement of the parties, the Court entered an Order which bifurcated the discovery with damages discovery to occur later. See Scheduling Order, at ¶ 7. Accordingly, the scope of the present phase of discovery, including Plaintiff's noticed deposition, is limited to the question of Defendant's liability.

On July 19, 2007, Defendant served Plaintiff with interrogatories, requests for production of documents, and requests for admissions. See Def's Mot., Ex. A. Inexplicably many of Defendant's interrogatories, requests for documents, and admissions are germane only to potential damages. Defendant intentionally choose to serve discovery requests that were blatantly beyond the current scope of discovery. On August 20, 2007, Plaintiff served her responses to these discovery requests, including her objections to those that are beyond the current scope of permissible discovery.

On July 19, 2007, Defendant also prepared a letter seeking virtually unlimited medical releases from Plaintiff's treating health care professionals, including psychotherapy information. See Def's Mot., Ex. A. The liability issues in this case provide no basis for such wide ranging medical and psychotherapy releases. The only allegation raised by Plaintiff in her Complaint involves the unlawful alteration of her sick leave records. This allegations is another example of the Defendant's

2

outrageous behavior toward the Plaintiff, but does not provide license for a "fishing expedition" into her medical history. Moreover, any medical records concerning that incident is already contained in the administrative record and the Defendant's personnel records.

In addition to seeking irrelevant medical records, Defendant's July 19, 2007 letter also requested that Plaintiff consent to waiving the seven hour limit on her deposition. See Def's Mot., Ex. A. It states, inter alia,: "Additionally we will require two days in mid to late September to depose the Plaintiff, given the length of the complaint. Kindly advise if you consent." See id. Then, by letter dated August 8, 2007, Defendant attempted to unilaterally set Plaintiff's deposition for two days on September 11 and 12, 2007. In fact, Defendant's proposed "Notice of Deposition" stated "[t]he deposition ... commencing on September 11, 2007 and shall continue from **day to day and from time to time until completed.**"[1] See Def's Mot., Ex. A (emphasis added). Defendant has also sought to hold the deposition in Washington, D.C., rather than at Plaintiff's official duty station in Sacramento, California. See Def's Mot., Ex. A. Moreover, Defendant's counsel asserts that Plaintiff would have to bear the expenses for her travel to Washington, D.C.

It is evident from these requests that Defendant's twofold purpose is to force Plaintiff, a long-term federal employee, to endure a lengthy deposition and to incur unnecessary and burden-

---

[1] Defendant further asserts that it may need additional deposition time at a later date to pursue damages discovery. See Def's Memorandum of Points and Authorities, at 3, fn 3.

some travel and hotel costs.  Defendant has summarily rejected
Plaintiff's proposal to hold her deposition in conjunction with
the relatively short depositions of two other witnesses (Ms.
Berger and Mr. Wilson), who also work in Sacramento, California.
Plaintiff proposed that all three depositions be held on a
mutually agreeable schedule in California for the mutual benefit
of the Defendant, Plaintiff, and these witnesses, but Defendant
has tersely refused this reasonable proposal.

By letter dated August 15, 2007, Counsel for Plaintiff
indicated to Defendant that the request to extend Plaintiff's
deposition beyond seven hours was premature since "not a single
question has been asked, nor a single answer given." See Def's
Mot., Ex. B.  The letter also noted that since discovery was on
liability only it seemed doubtful that more than seven hours of
deposition would be required.  Counsel for Plaintiff implicitly
left open the issue of Plaintiff's consent to more than seven
hours of deposition once the parties had commenced the deposi-
tion.  However, Defendant eschewed any further attempt to
resolve this issue.  Instead Defendant filed the instant Motion.


### ARGUMENT

Defendant's Motion seeks to double the amount of time for
taking the deposition of the Plaintiff.  See Fed.R.Civ.Pro.
30(d)(2).  Defendant treats the seven-hour limitation mandated
by the Federal Rules as inapplicable to it based on unspecified
exigent circumstances, citing the length of the Complaint.  The
Federal Rules limit any deposition to "one day of no more than
seven hours."  See Fed.R.Civ.Pro. 30(d)(2).  The clear purpose

of this one-day/seven-hour limit is to prevent parties from vexatious and harassing use of depositions.[2]  According to Rule 30(d)(2), the Court may allow additional time in only two situations:

> (1)  where additional time is needed, consistent with Rule 26(b)(2) for fair examination of the deponent; or

> (2)  where the deponent or another person, or other circumstance impedes or delays the examination.

Defendant has not established either basis identified by Rule 30(b)(6) for extending the time of Plaintiff's deposition.[3] Defendant seeks to justify its request to double the mandated time by claiming that the Plaintiff's Complaint is unusually long.  However, the length of the Complaint, standing alone, does not satisfy the applicable test under Rule 30(b)(6). Furthermore, Defendant's claim as to the length of Plaintiff's Complaint is simply not true.  The Complaint consists of just over one hundred paragraphs covering the merits of the claim and the relief requested.  This is a single-employee Title VII discrim-

---

[2]  In this case, Defendant is seeking to force Plaintiff to travel at her own expense from her offical duty station in Sacramento, California to Washington, D.C. for her deposition. The request to double the maximum time for the deposition is just part of Defendant's game plan.

[3]  In fact, counsel for the Defendant actually admits that additional time beyond the one-day/seven-hour maximum may not be necessary, stating:

> "Although Defendant may not require the full second day of testimony, depending on the nature of plaintiff's answers, the extra time may, nevertheless, be necessary." Def's Memorandum of Points and Authorities, at 4, fn 4.

ination case.  The primary discrimination issues raised involve
Defendant's:

    (1)   failure to promote Plaintiff through accretion of her
            duties;

    (2)   failure to select her for the position of Group
            Manager GS-0301-14/15 in 2004; and

    (3)   deliberate creation and maintenance of a hostile work
            environment based on retaliation for her filing of EEO
            complaints against the Defendant.

The facts supporting the first issue, consist primarily of
correspondence and documents concerning Defendant's failure to
adequately address classification issues that the accretion of
Plaintiff's duties had created.  Plaintiff's contentions and
evidence concerning these issues are well-documented and well-
known to Defendant.  There is a paper trail documenting what
happened and the Defendant's culpability under Title VII, which
has been in Defendants possession and control for several years.
The liability issues related to this claim simply do not contain
much in the way of questions for the Plaintiff.  Indeed, the
Defendant's interrogatories brush over this claim almost
entirely.  Any contention by the Defendant to the contrary is
an unsupported smoke screen.

Similarly, and perhaps more strongly, the non-selection for
the Group Manager position has a clear paper trail documenting
what happened and the Defendant's culpability under Title VII.
The selection process and the discriminatory treatment of
Plaintiff was entirely executed by the Defendant's employees.
Plaintiff's only role was to submit her application and to
participate in a brief 30-minute interview.  The selection

process was skewed by the actions of the Defendant's employees. Their depositions, not the deposition of the Plaintiff, are germane to these liability issues.

The third issue concerns the hostile working environment that began under Dr. Nickels (Complaint ¶¶ 39-45) and was escalated under Ms. McClellan. While Plaintiff worked for Ms. McClellan, her official duty station was Sacramento, California, although she was reporting to Washington, D.C. Beginning on October 18, 2004, Plaintiff was subjected by Ms. McClellan to various forms of demeaning and harassing conduct as set forth in ¶ 60 of the Complaint. This pattern of conduct continued until Plaintiff was transferred to Defendant's California office effective October 16, 2005, and was no longer subject to Ms. McClellan's supervision. Thus, the period covered by Ms. McClellan's actions is one year. This short period does not, without more, justify a lengthy deposition examination.

Defendant's harassing conduct included sending "locked" emails with harassing and inaccurate contents that could not be printed or forwarded and thus could not be corrected by Plaintiff. Ms. McClellan also routinely sent blind copies of her correspondence to Plaintiff to others for review. She also failed to keep Plaintiff informed of relevant issues and information necessary for her duties. Plaintiff was disciplined for attending a meeting at the requested of an individual who was organizationally two levels above Plaintiff's supervisor. Plaintiff's alleged infraction was failure to get her supervisor's consent while the supervisor was on leave.

Defendant's Motion is clearly premature. At this point, the Court cannot in good conscience conclude that doubling the

7

time allowed for Plaintiff's deposition is required for a fair examination of her claims. Defendant's action in filing this Motion was precipitous, and Defendant admits as much by stating:

> "Although Defendant may not require the full second day of testimony, depending on the nature of plaintiff's answers, the extra time may, nevertheless, be necessary."

Def's Memorandum of Points and Authorities, at 4, fn 4.

There is simply no showing that justifies bringing this matter to the Court at this time. The seven-hour limit on depositions in this straight-forward single-employee Title VII is not onerous. Moreover, the limit can be expanded if necessary, once Defendant has actually invested seven hours deposing the Plaintiff. Plaintiff believes seven hours is sufficient time to exhaust any relevant questioning about her claims. If not, the issue of further deposition time would then become ripe. It is not ripe now.

Defendant has made no showing that Plaintiff's deposition involves complex or unanticipated issues. The nature of the three principle issues laid out in the first paragraph of the Complaint are clear and fully understood by both parties. Defendant has simply jumped the gun by filing this Motion. In fact, it is not clear that Defendant complied with the spirit of applicable Local Rule 7(m) by sending an email response to the August 15, 2007 letter from Plaintiff's counsel and waiting less than 48 hours before filing this Motion on August 17, 2007. There should have been an opportunity for the parties to reach

a compromise between their positions.[4]

Defendant's Motion also futilely cites provisions of the Rule 30(d)(2) that allow extension where the deposition will cover a lengthy period of time or the questioning will cover numerous or lengthy documents. However, no evidence supporting either of these bases was included with the Motion. This Court can not just accept the unsupported assertions of Defendant's counsel that more time may be required. To grant Defendant's Motion would effectively remove the seven-hour limit for any party willing to boldly assert that more time was necessary to depose the opposing party; regardless of the nature or the case.

The events here are discriminatory actions that occurred in an ongoing employment relationship that have been extensively documented. This documentation has been in the possession and control of the Defendant for a number of years. Yet, the hostile work environment claim focuses on a single year from October 18, 2004 through October 16, 2005. The remaining claims focus on discrete events within the relevant time period. Defendant's Motion should be denied because it is premature and Defendant has not shown any foundation for granting it at this time.

<u>**CONCLUSION**</u>

For the reasons set forth above, Defendant's Motion to set aside the one-day/seven-hour limitation in Rule 30(d)(2) and to

---

[4] Plaintiff and Defendant are each bound by the seven-hour limitation on depositions, yet Defendant seeks to cast this limitation aside only to the extent that it should apply to Plaintiff's deposition.

double the time for Plaintiff's deposition must be denied.  At best, Defendant's filing of this Motion was premature since the deposition has not commenced and there is no concrete showing that one day of seven hours is insufficient time for Plaintiff's deposition.

                    Respectfully submitted,


                    _____/s/_____
                    JOSEPH D. GEBHARDT
                    MYRREL C. HENDRICKS, JR.
                    GEBHARDT & ASSOCIATES, LLP
                    1101 17th Street, N.W.
                    Suite 807
                    Washington, DC 20036-4716
                    (202) 496-0400

August 31, 2007          Attorneys for Plaintiff

10

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Opposition to Defendant's Motion to Enlarge Plaintiff's Deposition Time was served this 31st day of August, 2007, via facsimile and electronic case filing through the Court, upon counsel for Defendant as follows:

```
Mercedeh Momeni, Esq.
Assistant United States Attorney
Judiciary Center Building, Tenth Floor
555 Fourth Street, N.W.
Washington, D.C. 20530
Office: (202) 305-4851
Facsimile: (202) 514-8780
```

_____/s/_____
MYRREL C. HENDRICKS, JR.