UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHANIE DAMADIO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 06-01503 (RJL) |
| DIRK KEMPTHORNE, | ) ECF |
| SECRETARY, | ) |
| U.S. DEPARTMENT OF THE INTERIOR, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO ENLARGE
PLAINTIFF'S DEPOSITION TIME AND SUPPLEMENTAL MOTION TO COMPEL
PLAINTIFF'S ATTENDANCE FOR HER DEPOSITION IN WASHINGTON, D.C.**

Defendant Dirk Kempthorne, Secretary of the Department of Interior, ("defendant" or
"the Department"), by and through undersigned counsel, respectfully submits this Reply in
Support of his Motion to Enlarge Plaintiff's Deposition Time.  Up to seven hours of additional
deposition time will be necessary given the length and breadth of plaintiff's complaint.
Furthermore, plaintiff's complaint contains allegations dating back to1999 and encompassing
voluminous documents, which necessitates additional time for a fair examination, as required
pursuant to Fed. R. Civ. P. 32(d).

Defendant hereby also moves to compel plaintiff to appear for her deposition in
Washington, D.C., because she chose to file her complaint in this jurisdiction and has presented
no evidence of extraordinary circumstances requiring that her deposition be taken in Sacramento,
California, the jurisdiction in which she resides.  An amended proposed Order is attached
herewith.

I.    **EXTENSION OF PLAINTIFF'S DEPOSITION TIME IS NECESSARY FOR A FAIR EXAMINATION AND IN ORDER TO ECONOMIZE TRAVEL TIME AND EXPENSES.**

An order from the Court is necessary to compel plaintiff's appearance for an additional seven hours for her deposition, in order to effectuate a fair examination, as discussed in the Department's opening brief and for reasons presented in § I.A., *infra*. Additionally, because plaintiff resides approximately three thousand miles from the jurisdiction wherein she has filed the instant action, time and expenses will be economized if defendant is permitted to conduct a continuous deposition.

A.    Fairness Requires Additional Time for Plaintiff's Deposition

In her Opposition plaintiff states "Defendant has not established either basis identified by Rule 30(b)(6) [sic][1] for extending the time of Plaintiff's deposition." *See* Document No. 16, Opp. p. 5. The first of the Rule 30(d)(2) situations, under which additional deposition time is generally granted, involves the requirement for a fair examination, as discussed in the opening brief. *See* Doc. No. 14, Opening Brief, p. 4. Plaintiff's five-count complaint encompasses three separate EEO filings, which involve three separate incidents, and approximately ten alleged discriminating officials. Plaintiff utterly fails to acknowledge this fact in her Opposition. Plaintiff's instant complaint spans a seven-year time period. That reality too is wholly disregarded in her Opposition. Curiously, plaintiff contends that "Defendant's claim as to the length of Plaintiff's Complaint is simply not true." *See* Opp. p. 5. But she later acknowledges that "The Complaint consists of just over one hundred paragraphs." *Id*.[2] Despite the attempt to

---

[1]  Defendant presumes that plaintiff's citation to 30(b)(6) is a typographical error, as Rule 30(b)(6) does not provide the standard for determining whether a court should extend a witness's deposition time, but rather addresses the designation of a "corporate representative" for discovery purposes. Plaintiff also seems to misapprehend the standard for expanding the deposition time when she claims that "Defendant has made no showing that Plaintiff's deposition involves *complex or unanticipated* issues." *See* Opp. p. 8. (Emphasis added.) As demonstrated below, in pp. 3-4 *infra*, the pertinent Rules contain no such language.

[2]  In its opening brief, the defendant made the following observation: "In this case, plaintiff has filed a forty-six page, five count, *one-hundred-ten-paragraph* complaint, which encompasses three separate internally-filed Equal Employment Opportunity matters." *See* Opening Brief p. 3, citing to the Compl. generally. (Emphasis added.)

obfuscate, the complaint, on its face, leaves no question that without additional, continuous time to conduct plaintiff's deposition, the Department will be left without sufficient information, to which it is entitled, in order to litigate this matter.

Further, the Opposition is devoid of a response to defendant's position that Rule 26(b)(2)(C) limitations to deposition extensions are inapplicable here. *See* Opening Brief. pp. 4-5. Rule 26(b)(2)(A) states that "the court may alter the limits in these rules on . . . the length of depositions under Rule 30," unless the court determines that "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Nowhere in her Opposition does plaintiff make any claim as to the forgoing, because she cannot. Plaintiff does assert that documents in the possession of the defendant should suffice to answer questions regarding facts supporting plaintiff's failure to promote; that there is a paper trail documenting her failure to obtain the group manager position; and that the alleged harassing conduct lasted for approximately 12 months; concluding that no additional deposition time will be necessary. Opp. pp. 6-7, and 9. Assuming *arguendo* that such documents exist and that they are all currently in defendant's possession, surely plaintiff cannot deny that such documents will require further explanation, especially ones generated by plaintiff and containing vague language, marginalia, and the like. Moreover, plaintiff has not been deposed previously during the administrative process and no administrative hearings have been held before the EEOC. This situation leaves the Department with insufficient knowledge of plaintiff's understanding of the issues altogether.[3]

In her Opposition, plaintiff cannot, and therefore does not, attempt to make use of the second provision of Rule 26(b)(2)(C), which states that an extension of deposition times is impermissible if "(ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought" (Fed. R. Civ. P. 26(b)(2)(C)(ii)) because depositions have not yet been conducted and discovery is not scheduled to close until December 21, 2007.

---

[3] Even if she had been deposed during the administrative proceedings, because in Title VII cases a court will review the matter *de novo*, (*see Chandler v. Roudebush*, 425 U.S. 840 (1976)), the Department would be entitled to depose plaintiff again.

*See* Doc. No. 13, Scheduling Order.  As plaintiff's Opposition acknowledges, this is a single plaintiff case.  *See* Opp. p. 5.  Therefore, she is the sole possessor of the particulars of her claims. Finally, the plaintiff finds no limitations available to her in Rule 26(b)(2)(C)'s third provision that deposition times should not be extended if "the burden or the expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."  Fed. R. Civ. P. 26(b)(2)(C)(iii). Plaintiff's failure to address this provision in her Opposition is due to the reality that extending her deposition time would actually lessen the parties' respective burden and expenses, as discussed in detail in § I.B., *infra*.  Also, given that the Department takes allegations of employment discrimination and hostile work environment extremely seriously and its exposure to liability could potentially cost the taxpayer several hundred thousand dollars – if plaintiff's complaint survives defendant's post-discovery motion for summary judgment and she is successful at trial – the importance of the issues at stake are crucial for both parties.  The Department must be afforded an opportunity to explore each of the five counts, which cover three separate set of events, that date back to 1999.[4]

Moreover, as plaintiff has acknowledged, there are voluminous documents involved in this litigation, including three separate reports of investigation, not to mention substantial numbers of recently produced notes and communications between plaintiff and management. (Opp. pp. 6-7 and 9).  Nevertheless, plaintiff curiously characterizes the Department's reference to Rule 32(d)(2)'s provision, permitting extension of deposition times in the event of the involvement of numerous or lengthy documents, as "futile".  Opp. p. 9.  Accordingly, the relief sought should be granted.

B.  A Continuous Deposition Will Economize Time and Travel Costs for the Parties

---

[4]  Although the Department had stated in its brief that "a *full* second day *may not* be necessary," given the scope and breadth of the allegations, there is no question that a substantial portion of a second, seven-hour day will be needed for plaintiff's deposition.  *See* Opening Brief, n. 4. (Emphasis added).

In her Opposition, the plaintiff contends that it would be burdensome for her to travel to Washington, D.C. and respond to questions for more than seven hours and that defendant's request for additional time "is just a part of Defendant's game plan." *See* Opp. n. 2.  This assertion is incorrect for the following reasons.  Plaintiff resides in California, approximately three thousand miles from the jurisdiction where she has filed her complaint.  The practical approach would be to ensure plaintiff's availability for a continuous deposition rather than (1) waiting for the allotted seven hours of the deposition to be exhausted; (2) permitting the plaintiff to return to her residence in California; (3) forcing defendant to re-petition the Court for the relief sought herein; and subsequently (4) forcing plaintiff to return to Washington, D.C., which would require her to pay for additional travel.  The approach sought by the Department is clearly the most logical, and economically sensible.  In the event that the Court orders the plaintiff's deposition to be taken in California, the same conditions would apply, *i.e.*, discovery time would be delayed; renewed motion practice would ensue; and additional travel costs would be incurred.  Thus, plaintiff should be ordered to appear for up to and including an additional seven hours.

C.  Local Civil Rule 7(m) - Duty to Confer

Plaintiff contends that "it is not clear that Defendant complied with the spirit of applicable Local Rule 7(m) by sending an email . . . and waiting less than 48 hours before filing this Motion on August 17, 2007." *See* Opp. p. 4.  Defendant attempted to confer, via letter, as early as July 19, 2007, to which plaintiff failed to respond until August 15, 2007, almost a full month later.  In her response, plaintiff stated that she "saw no basis" why she should appear for a second day of deposition despite the scope and breadth of her complaint and the extensive documents involved.  *See* Exh. B, attached to Opening Brief.  Nevertheless, in the spirit of cooperation, defendant wrote plaintiff's counsel once again on August 15, 2007, to confer about the instant motion, via electronic mail.  Having received no reply, defendant was left with no choice but to file the instant Motion on August 17, 2007.  It is unclear to how many bites at the proverbial apple plaintiff feels she is entitled.

In the final analysis, Rule 7(m) does not contain a time frame for the moving party to

wait for a response.  Given the lag time in her response to the Department's various requests at that time, not to mention the evasive nature of some responses,[5] waiting any longer to file the motion would have been inadvisable and not in the interest of justice.

## II.    PLAINTIFF MUST APPEAR IN WASHINGTON, D.C. FOR HER DEPOSITION.

Preliminarily, it should be noted that plaintiff's Opposition to the Department's Motion seems to avoid pertinent issues, *i.e.*, those relating to extending plaintiff's deposition time, and instead expresses her displeasure with other discovery disputes still pending a resolution (*e.g.*, her responses to written discovery), or others which have been resolved by the parties, (such as defendant's requests for certain damages-related information).  *See* Opp. pp. 2-4.  Not all issues raised by plaintiff and outside the scope of the opening brief will be addressed herein, but the Department reserves the right to rebut those contentions at an appropriate juncture.

The Department, however, is forced to supplement this deposition-related motion because plaintiff has now indicated, in a Court filing, that she wishes to disregard the Department's notice of deposition, with regard to the location of the event.  Opp. p. 3-4.  Further, she seems to protest having to bear appropriate travel and lodging costs for her deposition.  *Id.* and at n. 2.  Therefore, defendant moves to compel plaintiff to appear in the forum where the action is filed for her deposition, and to bear related costs.

A.  Place of Plaintiff's Deposition

A party may unilaterally choose the place for deposing an opposing party, subject to the granting of a protective order by the Court pursuant to Rule 26(c)(2), designating a different place.  8 WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2112 at 403 (1970).  The Court is permitted to exercise a broad discretion in determining the appropriate place for examination and may attach conditions such as payment of expenses.  *Id.* at 404-05.  *Farquhar v. Shelden*, 116 F.R.D. 70 (E.D.Mich.1987).

---

[5]  For example, plaintiff has consistently denied the need for additional deposition time during communications with counsel, but now contends that he "implicitly left open the issue of Plaintiff's consent to more than seven hours of deposition, once the parties had commenced the deposition."  *See* Opp. p. 4.

Specifically, a plaintiff must appear for her deposition in the forum in which she has brought the law suit. *See generally* 8 WRIGHT AND MILLER FEDERAL PRACTICE PROCEDURE § 2112 (1970). In the event of extraordinary circumstances an opposing party may be required to travel outside the jurisdiction to depose a plaintiff. *See e.g.*, *Abdullah v. Sheridan Square Press*, 154 F.R.D. 591, 592-3 (S.D.N.Y. 1994). *See also, de Dalmady v. Price Waterhouse & Co.*, 62 F.R.D. 157, 158, (D.P.R. 1973)(Plaintiff required to appear at the forum for his deposition in the absence of a showing of special circumstances). In *Abdullah*, the plaintiff filed suit in New York. A controversy arose regarding the place of his deposition, as plaintiff had applied for political asylum in the United Kingdom and was unable to leave that country during the pendency of his asylum application. The court noted the extraordinary circumstances and ordered the defendant to take plaintiff's deposition in the United Kingdom. Furthermore, a "claim of financial hardship will not alone demonstrate an exceptional or compelling need to alter the general rule." *Turner v. The Prudential Insurance Co. Of America*, 119 F.R.D. 381, 383 (M.D.N.C. 1988), *citing General Leasing Co. v. Lawrence Photo-Graphic Supply*, 84 F.R.D. 130 (W.D.MO. 1979).

On August 8, 2007, defendant in this matter noticed plaintiff's deposition to take place in Washington, D.C., on September 11 and 12, 2007.[6] *See* Exh. A, attached to Opening Brief. Plaintiff disregarded this notice of deposition and instead, a week later, proposed to change the location to Sacramento, California.[7] Exh. B, attached to Opening Brief. Now plaintiff protests

---

[6] Defendant later agreed to postpone the deposition dates during the pendency of this motion.

[7] As for the place of depositions for non-party witnesses based in California, plaintiff misrepresent the facts to the Court when she claims that defendant has "tersely refused" her suggestion that the depositions of Mr. Wilson and Ms. Berger be conducted in California. *See* Opp. p. 4. The facts are as follows. Plaintiff initially noticed the deposition of four Department employees, from various western states, to take place in Washington, D.C. She withdrew the Notice subsequent to defendant's letter advising that although the Department would ensure that all employees would be afforded adequate leave time to participate in legal proceedings, costs for travel and lodging would be shifted to plaintiff for their attendance at related events. Plaintiff then stated that she withdrew the Notice for the four aforementioned persons, but wished to depose Mr. Wilson, and Ms. Berger, and instead proposed certain dates for their deposition. *See* Exh. B attached to Opening Brief. Defendant then notified plaintiff's counsel of the witnesses' availability via electronic mail on August 23, 2007. *See* Exh. 2, electronic mail sent to counsel on August 23, 2007, attached hereto.

that 1) she should not have "to endure a lengthy deposition and to incur unnecessary and burdensome travel and hotel costs" and also presents the novel argument that because she "is a long-term federal employee" and her duty station is in Sacramento, she wishes to avoid responsibility for her travel and lodging costs related to her deposition. She does so without citation to any authority, whatsoever. Opp. pp. 3-4. By letter dated August 28, 2007, plaintiff again stated that she would contest having to be deposed in Washington, D.C. *See* Exh. 1, attached hereto.

First, plaintiff cannot wish away defendant's notice of deposition. She could have filed for a protective order instead of simply flouting the rules. *See* Fed. R. Civ. P. 26(c). Second, without proof of special circumstances that prohibit plaintiff's appearance in Washington, her deposition should be held here. Third, both counsel for the parties are here in Washington. Finally, the "Court is located here and could resolve any disputes arising during the deposition without costly continuances of the depositions." *Financial General Bankshares, Inc., v. Lance et al.*, 80 F.R.D. 22, 23, (d.d.c. 1978). Because plaintiff has presented neither the defendant nor the Court with any evidence of extraordinary circumstances that prohibit her from attending her deposition in Washington, D.C., the Court should grant the relief requested.

B.    Costs for Plaintiff's Deposition

In her Opposition, plaintiff makes much ado about the burden and costs of her deposition. *See* Opp. 3-4. In order to ensure an efficient discovery process and avoid any confusion, the Department respectfully requests an order declaring that plaintiff will be responsible for travel and lodging costs associated with her deposition.

Plaintiff indicates that she should not have to bear the costs for her deposition, when she

---

It appears that neither Mr. Wilson nor Ms. Berger were involved in any alleged discriminatory conduct, of which plaintiff complains. Furthermore, Mr. Wilson and Ms. Berger did not have any supervisory responsibility over plaintiff. Accordingly, plaintiff's motives seem questionable in choosing only these Sacramento-based individuals as deponents, at this juncture. To show that the defendant is proceeding in good faith, in a letter dated August 29, 2007, the Department offered that "If plaintiff wishes to depose Ms. Berger in order to show that Ms. Berger approved of Plaintiff's work and/or work product, the Department may be willing to stipulate to such facts, upon further discussion, to avoid associated litigation costs to the parties." *See* Exh. 3, attached hereto.

states ". . . Defendant's counsel asserts that Plaintiff would have to bear the expenses for her travel to Washington, D.C." Opp. p. 3 and n. 2.[8] Surely plaintiff does not expect the taxpayer to shoulder the expenses of plaintiff's deposition costs, beyond the *pro forma* costs for defendant's transcripts and counsels' time.  The scenario if reversed, in every civil action brought against the government by an out of forum plaintiff, would lead to particularly egregious results. Specifically, in this matter, if plaintiff is not ordered to appear in this forum for her deposition and two government attorneys are forced to travel three thousand miles and spend at least two days in California, the travel and lodging costs alone would impose an undue burden on the taxpayer, if no order is entered requiring plaintiff to bear the costs.

Plaintiff provides no specific rationale for her suggestion that she should not be responsible for her deposition costs.  She also fails to present any authority for her assertion.  *See* Opp. generally.  Therefore, the Court should enter an order, so that no questions remain, that the party responsible for travel and lodging costs associated with plaintiff's deposition is plaintiff. In the alternative, should the Court deny the instant motion, and oblige defendant to depose plaintiff in California, the Department moves for an order declaring that plaintiff will bear the costs of travel and lodging of undersigned counsel and agency counsel, for these purposes.  It would be wholly unjust to shift said expenses to the taxpayer.

---

[8]  It is interesting to note that plaintiff makes this assertion without reference to any document or even a single conversation with counsel.

III.    **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Enlarge Plaintiff's Deposition Time and to Compel Plaintiff's Appearance in Washington, D.C., should be granted.

Dated: September, 10, 2007.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR
D.C. Bar #498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS
D.C. BAR #434122
Assistant United States Attorney

_____/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N. W.
Washington, D.C.  20530
(202) 305-4851

*Of Counsel*:
JACQUELINE JACKSON
Senior Attorney
U.S. Department of the Interior
Office of the Solicitor
Washington, DC 20240

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 10th day of September, 2007, a copy of the foregoing *Reply in Support of Defendant's Motion to Enlarge Plaintiff's Deposition Time and Supplemental Motion to Compel Plaintiff's Attendance for her Deposition in Washington, D.C.* was filed with the Clerk of the Court and served via the Court's ECF system on Plaintiff's counsel:

   Charles W. Day, Jr., Esq.
   Myrrel C. Hendricks, Jr., Esq.
   Gebhardt & Associates, LLP
   1101 17th Street, N.W., Suite 807
   Washington, D.C.  20036-4716


                                        /s/
                                        _____
                                        MERCEDEH MOMENI
                                        Assistant United States Attorney
                                        Judiciary Center
                                        555 Fourth Street, N.W.
                                        Washington, D.C.  20530