

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

August 29, 2007

**Via Electronic Mail and Facsimile**
Charles W. Day, Jr., Esq.
Myrrel C. Hendricks, Jr. Esq.
Gebhardt & Associates, LLP
1101 17th Street, NW, Suite 807
Washington, DC 20036-4716

*Damadio v. Kempthorn*
*Civil Action No. 06-1503*

Dear Messrs. Hendricks and Day:

    We are in receipt of your letter dated August 28, 2007, regarding depositions in the above-referenced matter. The Department agrees that Plaintiff's deposition should be conducted after the Court has ruled upon our pending motion to extend Plaintiff's deposition time. On August 8, 2007, we noticed Plaintiff's deposition to take place here in Washington, DC. A week later you proposed to change the location to Sacramento, CA. However, with regard to the location of Plaintiff's deposition, there is no question that a plaintiff must appear for her deposition in the forum in which she has brought the law suit, barring any extraordinary circumstances. *See generally* 8 WRIGHT AND MILLER FEDERAL PRACTICE PROCEDURE § 2112 (1970), and *Abdullah v. Sheridan Square Press*, 154 F.R.D. 591, 592-3 (SDNY 1994). Here, Plaintiff has not advised us that there are any extraordinary circumstances. Indeed, the taxpayer should not have to bear the costs of travel and lodging for Agency counsel and I to depose Plaintiff in Sacramento, CA, potentially over two days.

    As for the place of depositions for other proposed witnesses, there seems to be some confusion. We have not suggested that Mr. Wilson or Ms. Berger should be deposed in Washington, D.C., as you state in your August 28, 2007 letter. We simply notified you of their availability via electronic mail on August 23, 2007. It appears that neither Mr. Wilson nor Ms. Berger were involved in any alleged discriminatory conduct, of which Plaintiff complains. Furthermore, Mr. Wilson and Ms. Berger did not have any supervisory responsibility over Plaintiff. Accordingly, it is unclear why Plaintiff would choose only these Sacramento-based individuals as deponents, at this juncture. If Plaintiff wishes to depose Ms. Berger in order to show that Ms. Berger approved of Plaintiff's work and/or work product, the Department may be

GOVERNMENT EXHIBIT 3

willing to stipulate to such facts, upon further discussion to avoid associated litigation costs to the parties.

    Please feel free to call me, at 202-305-4851, if you have any questions.

        Sincerely,

        JEFFREY A. TAYLOR
        United States Attorney

By:    _____
        MERCEDEH MOMENI
        Assistant United States Attorney

cc: Jackie Jackson, Esq.