UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHANIE DAMADIO )<br>)<br>)<br>        Plaintiff, )<br>) Civil Action No.06-1503 (RJL)<br>)<br>    v. )<br>)<br>DIRK KEMPTHORNE, Secretary )<br>Department of Interior )<br>)<br>        Defendant. )<br>_____ ) | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PROTECTIVE ORDER TO SCHEDULE DISCOVERY DEPOSITIONS AT THE OFFICIAL DUTY STATION OF THE DEPONENTS**

Plaintiff Stephanie Damadio, by and through undersigned counsel, hereby files Plaintiff's Memorandum of Points and Authorities in Support of Motion for Protective Order, and states as follows:

**BACKGROUND**

Ms. Damadio is a Hispanic female, who has been employed by the Defendant since 1994. Her official duty station has been Sacramento, California since November 1996 although she was assigned for organizational purposes to WO-240 located in Washington, D.C. Plaintiff filed this Title VII action consolidating three separate EEO complaints and seeking to correct the Defendant's pattern and practice of discrimination based on race, gender and retaliation.

**SUMMARY OF ARGUMENT**

Defendant is engaged in a brazen effort to force Ms. Damadio to pay substantial travel and related costs to attend her own deposition. Defendant's discovery cost shifting efforts are inconsistent with the intent of FRCP 26(c).[1] There can be no doubt that the Court has the authority pursuant to FRCP 26(c)(2) to grant to require that the depositions of Plaintiff, Ms. Berger, and Mr. Wilson occur in Sacramento, California, where they work for the Defendant.

Holding these depositions in separate locations might save the government a nominal amount, provided they were not required to pay Plaintiff's travel costs to Washington, D.C. Defendant's counsel must in any event travel to Sacramento, California for the depositions of Ms. Berger and Mr. Wilson. Therefore the only possible savings to the government is the additional hotel cost and per diem for Defendant's counsel for the two days of Ms. Damadio's deposition. By contrast, forcing the Plaintiff

---

[1] The relevant portion of FRCP 26(c) provides that the Court authority to enter a Protective Order "to protect a party or a person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

  (1) that the disclosure or discovery not be had;

  (2) that the disclosure or discovery may be had only on specified terms and conditions, including designation of the time and place;...."

2

to travel to Washington, D.C. would be wasteful of her time as a government employee and would result in substantial extra cost for her airfare, approximately $700.00 to $1,000.00, and her hotel and meals for at least three days, approximately $500.00 to $600.00.  These costs represent a significant and undue hardship for the Plaintiff.  Certainly FRCP 26(c) was designed to prevent such undue burden and expense being imposed upon Plaintiff to satisfy the capricious desire of the Defendant.[2]

### **ARGUMENT**

This Court's authority under Rule 26(c) fully protects the Plaintiff since it expressly covers actions "to protect a party or person."  Defendant seeks to impose significant additional costs upon the Plaintiff to deter her from vigorously prosecuting this case.  Seeking to hold her deposition in Washington, D.C., is just one aspect of the Defendant's scheme to drain Plaintiff's time and financial resources.  Once discovery commenced Defendant sought to impose additional costs upon Ms. Damadio.  For example, On August 24, 2007, Defendant's

---

[2] Defendant has consistent refused to hold Plaintiff's deposition in Sacramento, California because Defendant originally noticed it for Washington, D.C. and desires to have it there. Defendant has raised a smokescreen of cost savings to the government by holding Ms. Damadio's deposition in Washington, D.C. but this is illusory at best in view of the necessity for Defendant's counsel to travel to Sacramento for the depositions of Ms. Berger and Mr. Wilson.  Moreover it is premised on shifting Defendant's travel costs upon Plaintiff.  This cost shifting would be inconsistent with the intent of FRCP 26(c).

counsel wrote a letter asserting that the cost of searching Defendant's email archives would be at least $60,000.00 and that Plaintiff must pay that expense. See Exhibit A. Counsel further suggested that Ms. Damadio must prepay this amount *before* Defendant would conduct the search. Defendant cited no authority for this exorbitant demand for money.

Defendant has also ignored the applicable FRCP discovery rules. Defendant's responses to Plaintiff's Requests for Production of Documents are overdue since September 10, 2007. Defendant's counsel has written three letters complaining in a general manner how burdensome the Plaintiff's requests are and seeking Plaintiff's consent for an extra month merely to produce Defendant's formal objections, not the documents sought. However, Defendant has not filed any specific timely objections. Nor has Defendant has not produce any relevant documents. Counsel is trying to reach a resolution of this issue. By contrast, Plaintiff has fully responded to Defendant's discovery requests.

By letter dated July 19, 2007, Defendant requested that Plaintiff give her approval to extend the Plaintiff's deposition for an additional seven hours (second day). See Exhibit B. Defendant's counsel actually noticed Plaintiff's deposition on August 8, 2007. See Exhibit C. The deposition notice specified that the deposition would be held in the Washington, D.C., rather than at Ms. Damadio's official duty station. Defendant's deposition notice also specified that Plaintiff's deposition would continue for day to day until completed; despite the

applicable seven hour limit on all depositions that was agreed to by the parties.  By Order dated September 11, 2007, this Court granted Defendant's Motion to extend Plaintiff's deposition for an additional seven hours (second day).

Plaintiff sent her initial notice of depositions on August 6, 2007.  Subsequently, Plaintiff amended her deposition requests to include only Ms. Berger and Mr. Wilson, who also work in Sacramento, California.  By letter dated August 15, 2007, Counsel for the Plaintiff proposed that the three noticed depositions take place in Sacramento, California on consecutive days. See Exhibit D.  By letter dated August 16, 2007, Defendant's counsel summarily rejected that proposal. See Exhibit E.  In that August 16th letter, Defendant's counsel informed Plaintiff that she was inquiring about the availability of Mr. Wilson and Ms. Berger, apparently oblivious to the waste inherent in splitting these depositions into two locations or worse yet holding all three in Washington, D.C.

By letter dated August 28, 2007, Plaintiff's counsel again offered the sensible plan of holding the three depositions in Sacramento, California.  See Exhibit F.  This arrangement was based on convenience of the witnesses and the parties, the letter provided:

> This arrangement eliminates the need for any of the three deponents to travel at government expense and to lose valuable time from their official duties while traveling. By contrast, holding the depositions in Washington, D.C. would require all three witnesses to travel unnecessarily.

Counsel for the Defendant summarily rejected this arrangement, by letter dated August 29, 2007, insisting that Ms. Damadio must travel to Washington, D.C., at her own expense based on the Defendant's preference. See Exhibit G. This response ignored the additional costs involved by splitting these depositions into two locations and the inequality of their respective resources.[3] Additionally Ms. Damadio's husband is also an employee of the Defendant, he spends many days traveling outside of Sacramento on the Defendant's business. Forcing Ms. Damadio to travel needlessly is a hardship that should not be forced upon her.

There is no possibility that counsel for both parties will not travel to Sacramento, California. It would be absurd to waste the time and resources necessary to bring Ms. Berger and Mr. Wilson to Washington, D.C. to be deposed.[4] The only question is whether all three depositions will occur during that

---

[3] At a minimum, Defendant should be required to show some compelling reason to support holding Plaintiff's deposition separately in Washington, D.C. Furthermore, Defendant should bear the cost of forcing its long term employee to travel to Washington, D.C. to attend her two days of deposition. This trip will cause her to miss approximately four days of productive work.

[4] Prior to the August 29th letter, it appeared that Defendant's counsel for the Defendant was planning to bring Ms. Berger and Mr. Wilson to Washington, D.C. This may have been their plan until Defendant's counsel realized it would look foolish.

trip or whether a separate trip by Ms. Damadio will be required. Thus the claimed cost savings to the Defendant is illusory. Furthermore, the Defendant only saves money by shifting the costs of Defendant's counsel's extra expenses in Sacramento to Ms. Damadio. She suffers the additional cost, wastes additional productive working time traveling and is inconvenienced for the "illusory savings" to the Defendant.

This Court, pursuant to Fed. R. Civ. P. 26(c)(2), should set all three of these depositions for Sacramento, California. This makes sense because it places the depositions at the location where all three employees of the Defendant work. It is rational to hold these depositions on consecutive days in Sacramento, California. Plaintiff further suggests that in the interest of time they be held from October 16 through October 18, 2007 or as closely thereafter as possible. Defendant has offered no sound reason why Ms. Damadio should be compelled to travel to Washington D.C. to be deposed.

## **CONCLUSION**

For the convenience of the witnesses and the parties and to prevent the waste of time and resources for traveling to Washington, D.C., Plaintiff's Motion for a Protective Order should be granted, Consistent with Fed. R. Civ. P. 26(c)(2). An appropriate Order is attached.

                          Respectfully submitted,

                          _____/s/_____
                          CHARLES W. DAY, JR.
                          MYRREL C. HENDRICKS, JR.
                          GEBHARDT & ASSOCIATES, LLP
                          1101 17th Street, N.W.
                          Suite 807
                          Washington, DC 20036-4716
                          Telephone: (202) 496-0400
                          Facsimile: (202 496-0400

September 17, 2007            Attorneys for Plaintiff