# EXHIBIT A



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

August 24, 2007

**Via Electronic Mail and Facsimile**
Charles W. Day, Jr., Esq.
Myrrel C. Hendricks, Jr. Esq.
Gebhardt & Associates, LLP
1101 17th Street, NW, Suite 807
Washington, DC 20036-4716

*Damadio v. Kempthorn*
*Civil Action No. 06-1503*

Dear Messrs. Hendricks and Day:

    We write to suggest that Plaintiff narrow the demands outlined in her request for production of documents (RFP). A number of her requests are objectionable as they are overly broad and unduly burdensome, or simply irrelevant. For example, in Request No. 1 Plaintiff demands Electronically Stored Information for 66 individuals, whose records "include[s] one or more of the [97] terms/issues listed below" . . . "in digital format on DVDs in HTML and plain text in two (2) copies. Pl. RPF pp. 9-19. Of the search terms, Plaintiff states that "at least two terms must be present to be included." Id. P. 14.

    The vast majority of the 97 terms for which plaintiff requests searches be conducted are simply vague and would cause difficulties for the Department's information technology contractor that administers the data base in question. Surely, searches for terms such as "Re:", "ROI", "Promotion" and "waste" cannot be expected to reveal information having only to do with this matter. Furthermore, according to the I.T. contractor, Plaintiff's demand that "at least two terms must be present to be included" in the Department's response to her RFP is untenable. Even without conforming to Plaintiff's demand for a presence of the combination of two or more terms, the contractor estimates that a pre-payment of $60,0000.00 will be required to conduct the search. It is Defendant's position that the Plaintiff will be responsible for this pre-payment. Therefore, it would only seem reasonable for Plaintiff to be more specific and reduce the number of individuals and terms.

  Additionally, Defendant finds that Plaintiff's RFP contains many sub-parts, in addition to being vague. See e.g., Request Nos. 7 and 8. The foregoing is not a comprehensive list, but simply one meant to illustrate the more obviously objectionable requests. If Plaintiff refuses to narrow her RFP, we will require her consent to a 30-day extension to respond to the requests, up to and including October 9, 2007. This time is necessary because 1) of the length and breadth of Plaintiff's demands; and 2) several of the individuals whose documents are sought are on leave for various periods in August and/or early September. Additionally, many are in various parts of the country and coordinating efforts with them will require more time.

  Finally, because Plaintiff has requested Privacy Act Protected information, it is necessary for the Court to enter a Protective Order. Kindly advise me of Plaintiff's position on the above at your earliest convenience.

  Please feel free to call me, at 202-305-4851, if you have any questions.

        Sincerely,

        JEFFREY A. TAYLOR
        United States Attorney

          /s/
    By: _____
        MERCEDEH MOMENI
        Assistant United States Attorney

cc: Jackie Jackson, Esq.