# EXHIBIT F

LAW FIRM

## GEBHARDT & ASSOCIATES, LLP

1101 17TH STREET, N.W.
SUITE 807
WASHINGTON, DC 20036-4716

JOSEPH D. GEBHARDT • DC & MD
CHARLES WILLIAMSON DAY, JR • DC, MD & NY
VALENCIA R. RAINEY • DC & AR
MARK A. DANN • DC, NJ & NY
DANIEL K. GEBHARDT • NJ ONLY

MYRREL C. HENDRICKS, Jr. • DC
LENORE C. GARON • DC & VA
SUSAN C. LEE • DC & CA
Of Counsel
PHONE: (202) 496-0400
FAX: (202) 496-0404

August 28, 2007

VIA FACSIMILE AND FIRST CLASS MAIL

Mercedeh Momeni, Esq.
U.S. Attorney's Office
555 Fourth Street, N.W.
Judiciary Square Building, Tenth Floor
Washington, DC 20530

    Re: Stephanie Damadio v. Secretary of the Interior,
        Civil Action No. 06-1503 (RJL)

Dear Ms. Momeni:

    This letter is in response to your letter dated August 16, 2007 concerning the time and place of Plaintiff's deposition and the depositions of Mr. Wilson and Ms. Berger.

    By letter dated August 15, 2007, we proposed that the Plaintiff's deposition be held at her office in Sacramento, California at a date to be determined in September. That letter also suggested that depositions of Mr. Wilson and Ms. Berger be held during the same period at the Defendant's offices in Sacramento, California. Two alternate dates for these depositions were proposed. This arrangement eliminates the need for any of the three deponents to travel at government expense and to lose valuable time from their official duties while traveling. By contrast, holding the depositions in Washington, D.C. would require all three witnesses to travel unnecessarily.

    We remain convinced that holding these depositions in Sacramento, California is the most efficient and convenient way to proceed. In any event, we have never agreed to hold either the Plaintiff's deposition or the depositions of Mr. Wilson or Ms.

Mercedeh Momeni, Esq.
August 28, 2007
Page 2

Berger in Washington, D.C. I ask the Defendant to reconsider this issue and agree to hold these depositions in Sacramento, California. They could be held on consecutive days that are agreeable to both parties.

I request that you provide a written answer to this request not later than close of business on August 29, 2007. If we can not reach an agreement on the location for these depositions then we will submit that issue to the Court for resolution.

Finally, I note that Defendant has submitted to the Court the issue of whether the Defendant can depose Plaintiff for more than seven hours without showing any justification. Until that issue is resolved by the Court, the date for Plaintiff's deposition cannot be fixed.

We remain open to amicable resolution of these issues, and look forward to your response.

Very truly yours,

Myrrel C. Hendricks, Jr.