UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHANIE DAMADIO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) Civil Action No. 06-01503 (RJL/DAR)<br>DIRK KEMPTHORNE, ) ECF<br>SECRETARY, )<br>U.S. DEPARTMENT OF THE INTERIOR, )<br>)<br>Defendant. )<br>_____) | |

**DEFENDANT'S REPLY IN SUPPORT OF HIS SUPPLEMENTAL
MOTION TO COMPEL PLAINTIFF'S ATTENDANCE FOR HER
DEPOSITION IN WASHINGTON, D.C. AND IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Defendant Dirk Kempthorne, Secretary of the Department of Interior, ("Defendant" or "the Department"), by and through undersigned counsel, submitted his Supplemental Motion to Compel Plaintiff's Attendance for Her Deposition in Washington, D.C. on September 10, 2007, ("Motion to Compel"). *See* USDC Pacer Doc. No. 18. Plaintiff's opposition was due on September 24, 2007. *See* Fed. R. Civ. P. 6(a) and Local Civil Rule 7(b). To date she has not filed an opposition to Defendant's Motion to Compel. *See generally*, USDC Pacer, Docket. Accordingly, the Motion to Compel should be deemed conceded. *See* Local Civil Rule 7(b). In the alternative, should the Court view Plaintiff's Motion for Protective Order (*see* USDC Pacer Doc. No. 19),[1] as a substitute for an opposition, the Department submits the following Reply in Support of its Motion to Compel and in Opposition to Plaintiff's Motion for Protective Order.

**Background**

Preliminarily, it should be noted that Plaintiff's counsel continues to raise discovery

---

[1] The Motion for Protective Order was filed only *after* the Department filed its Motion to Compel and cited Fed. R. Civ. P. 26(c) therein, as authority that Plaintiff failed to proceed in accordance with the Rules. *See* Motion to Compel, p. 8. Plaintiff cannot simply wish away the Department's Motion to Compel in such a manner.

1

disputes where none exist, in filings with the Court, regarding unrelated matters.[2] The Department will not address all these issues hereunder, but reserves the right to do so at an appropriate time.

Plaintiff resides in California and is currently duty stationed there. She chose however, to file her Complaint in Washington, D.C., approximately 3,000 miles away. The Department lodged no objections to the venue because a portion of her complaint contains allegations involving events that took place while she was duty stationed in Washington, D.C. The Department served a notice of deposition on August 8, 2007. On August 31, 2007, Plaintiff indicated in a Court filing that she would disregard the Department's notice of deposition, contesting the location of her deposition (*see* USDC Pacer Doc. No. 16, p. 3-4), and further protested having to bear travel and lodging costs for her deposition (*see Id.* at n. 2). The Department was left with no choice but to move to compel Plaintiff to appear in the forum where the action is filed, and to bear related costs. *See* Motion to Compel.

In that Motion, the Department fully briefed the issues and provided the Court with citations to legal authority as to why Plaintiff should appear for her deposition in this her chosen forum. *See* Motion to Compel, pp. 6-9. Plaintiff then filed a Motion for a Protective Order and a supporting brief. Both of Plaintiff's documents are *wholly devoid of any legal authority* in support of her position that she should be deposed in California or to avoid deposition-related costs. She neither cites to any law which states that she is entitled to be deposed in another jurisdiction, nor does she attempt to rebut the cases cited by the Department in its brief. Further, Plaintiff has presented no evidence of extraordinary circumstances requiring that her deposition

---

[2] For example, in her Motion for Protective Order, dated September 17, 2007, Plaintiff *baldly* complained to the Court that "Defendant has [] ignored the applicable FRCP discovery rules. Defendant's response to Plaintiff's Request for Production of Documents are over due since September 10, 2007." *See* Motion for Protective Order at 4. Plaintiff's counsel also forwarded a letter, dated September 18, 2007, stating that if Defendant did not respond regarding the foregoing that he would "be forced to seek the Court's assistance". It is unfortunate that Plaintiff's counsel would choose to disregard Judge Leon's Order of September 11, 2007 that extended the response deadline to October 1, 2007, and burden the Court with unfounded allegations. For the record, Defendant's Response was produced, in accordance with the Court's Order, on October 1, 2007.

be taken in Sacramento, California. Insofar as she may be relying on the proposition that her deposition time should be "combined" with two non-party, ancillary witnesses, her argument is a red herring and will be addressed in Section II, *infra*.

## Argument

I.   Plaintiff's Deposition Should be Conducted in Washington, D.C.

It is a generally accepted principal that a plaintiff must appear for her deposition in the forum in which she has brought the law suit. *See generally* 8 WRIGHT AND MILLER FEDERAL PRACTICE PROCEDURE § 2112 (1970), and *Detweiler Bros., Inc. v. John Graham & Co.,* 412 F. Supp. 416, 422 (E.D.WA 1976). In the event of extraordinary circumstances an opposing party may be required to travel outside the jurisdiction to depose a plaintiff. *See e.g.*, *Abdullah v. Sheridan Square Press*, 154 F.R.D. 591, 592-3 (S.D.N.Y. 1994). *See also, de Dalmady v. Price Waterhouse & Co.*, 62 F.R.D. 157, 158, (D.P.R. 1973)(Plaintiff required to appear at the forum for his deposition in the absence of a showing of special circumstances).

In her Motion for Protective Order, Plaintiff expresses displeasure that she should be deposed in Washington, D.C., and states that the Department's request for the deposition location is "just one aspect of [its] *scheme* to drain plaintiff's time and financial resources" (*see* MPO at 3); and that the Department's concerns over costs savings to the government is just a "*smokescreen*" and "*illusory*" (*id.* at n. 2)(emphasis added). Again, Plaintiff makes these claims without reference to any exhibits or legal authority.[3]

The costs issue is fully discussed in Section III, *infra*. However, it is notable that Plaintiff will, if her Motion for Protective Order is granted, bear the costs of at least one of her own attorney's travel and lodging from Washington to California. Further, if the Department is ordered to depose Plaintiff in California, perhaps the costs of one or both undersigned counsel and Agency counsel's travel, may be borne by Plaintiff as well. Additionally, the Department's

---

[3] Inappropriately, Plaintiff attempts to shift the burden that her deposition should be taken in the forum where she filed her complaint to the Department when she states, again without citation to any authority, that "[a]t a minimum, Defendant should be required to show some compelling reason to support holding Plaintiff's deposition separately in Washington, D.C." *See* Motion to Compel, n. 3.

3

production of documents includes approximately 4,700 documents, not to mention the hundreds of pages produced by Plaintiff, all of which are located here in Washington, D.C. The Department intends to draw heavily on these documents during the deposition, and should not be forced to pay for shipping and storage costs of documents outside this forum. Finally, the "Court is located here and could resolve any disputes arising during the deposition without costly continuances of the depositions." *Financial General Bankshares, Inc., v. Lance et al.*, 80 F.R.D. 22, 23, (D.D.C. 1978). Because Plaintiff continues to fail to present the Court with any evidence of extraordinary circumstances that prohibit her from attending her deposition in Washington, D.C., and other factual and legal arguments weigh in favor of a deposition in this forum, the Court should grant Defendant's requested relief.

II.   Depositions of Wilson and Berger

Plaintiff claims to have "noticed the discovery depositions" of Ms. Berger and Mr. Wilson, but provides no proof of same to the Court. *See* Motion for Protective Order at 1 and 5. Both Ms. Berger and Mr. Wilson are stationed in Sacramento, California. A review of Defendant's files reveal that, to date, Plaintiff has not propounded a notice of deposition for Mr. Wilson, but simply requested to know his availability on certain dates. *See* Exh. 2, attached to Opening Brief. On August 6, 2007, Plaintiff served a notice of deposition for four individuals, including Ms. Berger, to be conducted in Washington, D.C. This notice of deposition was later withdrawn.

As for the place of depositions for these non-party witnesses based in Sacramento, California, Plaintiff distorts the facts to the Court when she claims that Defendant has "summarily rejected" her proposal that the depositions of Mr. Wilson and Ms. Berger be conducted in California. *See* Motion for Protective Order at 5. Indeed, that claim is contradicted by Plaintiff's own Exhibit G (attached to the Motion for Protective Order), wherein Defendant states that "We have not suggested that [these witnesses] should be deposed in Washington, D.C." The facts are as follows. After Plaintiff withdrew the Notice for the four aforementioned individuals, she advised that she wished to depose Mr. Wilson, and Ms. Berger, and proposed

4

certain dates for their depositions.  Defendant then notified Plaintiff's counsel of the witnesses' availability via electronic mail on August 23, 2007.  *See* Exh. 2, attached to Motion to Compel.  The Department had not stated its position regarding the place for the depositions of these employees.  It had stated previously that it would provide them with the leave time necessary to participate in legal proceedings.  Should the Plaintiff wish to depose these *non-party* witnesses, she knows that she is obliged to follow Rule 45 subpoena procedures and bear all deposition-related costs for these witnesses.

The discovering party bears the burden of establishing whether a potential witness may be a party or non-party witness.  *United States v. Afram Lines,* 159 F.R.D. 408, 413 (S.D.NY. 1994).  Here, Plaintiff has not bothered to alert the Court of the status issue, let alone establish that Mr. Wilson and/or Ms. Berger could be deemed party or non-party witnesses.  There is no question that Ms. Berger and Mr. Wilson are non-party witnesses.  *See Founding Church of Scientology v. Webster*, 802 F.2d 1448, 1453 (D.C. Cir. 1986).  Mr. Wilson is a state archeologist and Plaintiff's colleague in Sacramento, who, according to Plaintiff's own Rule 26(a)(1) disclosures only knows of "facts surrounding his [own] interactions with Ms. McClenllan . . . [and] characterizations of Plaintiff."  Ms. Berger is the Deputy Regional Solicitor in the Pacific Southwest Regional Office of the Solicitor, who worked on a project with Ms. Berger in the past and wrote a letter praising Plaintiff's work.  Neither Mr. Wilson nor Ms. Berger were responsible for any alleged discriminatory decisions made by the Department against the Plaintiff.  *See generally*, Compl.  Furthermore, neither Mr. Wilson nor Ms. Berger have any supervisory responsibility over Plaintiff.

To show that the Defendant was proceeding in good faith, in a letter dated August 29, 2007, the Department offered that "If plaintiff wishes to depose Ms. Berger in order to show that Ms. Berger approved of Plaintiff's work and/or work product, the Department may be willing to stipulate to such facts, upon further discussion, to avoid associated litigation costs to the parties."  *See* Exh. 3, attached to Motion to Compel.  More than a month has passed since the Department made the foregoing offer and Plaintiff has not uttered one word in response.  Accordingly,

5

Plaintiff's motives to propose the deposition of these ancillary non-party witnesses (the testimony of one to which the parties could, in all likelihood, stipulate), who happen to be based in Sacramento, instead of her supervisors or other decision makers, appear highly questionable, especially given the foregoing and Plaintiff's insistence to do so at this juncture.

III.    Costs for Plaintiff's Deposition

In order to ensure an efficient discovery process and avoid any confusion, the Department requested an order declaring that Plaintiff will be responsible for travel and lodging costs associated with her deposition. *See* Motion to Compel, Proposed Order. Plaintiff continues to make much ado about the burden and costs of her deposition. *See* USDC Pacer Doc. No. 16 at 3-4, and Motion for Protective Order at 3 and 6. However, at the outset, it should be noted that she does not even claim any actual "hardship", but simply asserts that it would be financially burdensome for her to pay to travel to Washington and lose work time. *Id*. n.3. Even if she was to provide the court with *proof* of any financial hardship that may ensue as a result of her travel to Washington, D.C., a "claim of financial hardship will not alone demonstrate an exceptional or compelling need to alter the general rule." *Turner v. The Prudential Insurance Co. Of America*, 119 F.R.D. 381, 383 (M.D.N.C. 1988), *citing General Leasing Co. v. Lawrence Photo-Graphic Supply*, 84 F.R.D. 130 (W.D.MO. 1979)(Travel expenses of corporate defendant's employees were shifted to individual plaintiff.)

Plaintiff acknowledges that holding the depositions of Plaintiff and the other two non-party witnesses "in separate locations might save the government a nominal amount . . . ." Motion for Protective Order at 2.[4] But she goes on to say that she should not have to bear the costs for her own deposition. Plaintiff simply cannot expect the taxpayer to shoulder the expenses of Plaintiff's deposition costs, beyond the *pro forma* costs for defendant's transcripts and counsels' time, absent good cause. *Deitweiler Bros*. 412 F.2d at 422. She simply has not shown any cause, let alone a good one, as to why anyone but Plaintiff should pay for her

---

[4] It is unclear why plaintiff claims that she will "lose" four days of work if she is to come to Washington, D.C. for her deposition, but that the undersigned and Agency counsel will only have to spend two days on this deposition. Motion for Protective Order, *compare* p. 2 *with* n. 3.

deposition. If the taxpayer is forced to pay for the air fair of its attorneys, to travel hundreds, if not thousands of miles, and pay for lodging and possibly shipping and storage of exhibits, in every civil action brought against the government by an out of forum plaintiff, conspicuously bad results would ensue. Specifically, in this matter, if Plaintiff is not ordered to appear in this forum for her deposition and two government attorneys are forced to travel three thousand miles and spend at least two days in California, while shipping and storing voluminous documents, the travel and lodging costs alone would impose an undue burden on the taxpayer, if no order is entered requiring Plaintiff to bear the costs. Agency counsel's presence at plaintiffs' depositions are routine in employment discrimination cases. Here, Agency Counsel's presence is essential to assist in conducting the deposition because this case involves three separate EEO complaints, countless documents, potentially 60 witnesses, as listed in Plaintiff's Rule 26(a)(1) disclosures, and a 110 paragraph Complaint.[5]

      Plaintiff provides no specific rationale for her suggestion that she should not be responsible for her deposition costs. She also fails to present any authority for her position. *See* USDC Pacer Doc. 16 and Motion for Protective Order, *generally*. Therefore, the Court should grant the Department's Motion to Compel and deny Plaintiff's Motion for a protective order.

---

[5] Agency counsel's presence will not be necessary for defending the deposition of the non-party witnesses, however.

## **Conclusion**

For the foregoing reasons, Defendant's Motion to Enlarge Plaintiff's Deposition Time and to Compel Plaintiff's Appearance in Washington, D.C., should be granted.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR
D.C. Bar #498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS
D.C. BAR #434122
Assistant United States Attorney


_____/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N. W.
Washington, D.C.  20530
(202) 305-4851

*Of Counsel*:
JACQUELINE JACKSON
Senior Attorney
U.S. Department of the Interior
Office of the Solicitor
Washington, DC 20240

CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of October, 2007, a copy of the foregoing *Reply in Support of Defendant's Motion to Compel Plaintiff's Attendance for her Deposition in Washington and Opposition to Plaintiff's Motion for Protective Order* was filed with the Clerk of the Court and served on Plaintiff's counsel via the Court's ECF system:

Charles W. Day, Jr., Esq.
Myrrel C. Hendricks, Jr., Esq.
Gebhardt & Associates, LLP
1101 17th Street, N.W., Suite 807
Washington, D.C.  20036-4716

/s/
_____
MERCEDEH MOMENI
Assistant United States Attorney
Judiciary Center
555 Fourth Street, N.W.
Washington, D.C.  20530