UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHANIE DAMADIO, | ) |
| | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.06-1503 (RJL/DAR) |
| | ) |
| v. | ) |
| | ) |
| DIRK KEMPTHORNE, Secretary | ) |
| Department of Interior, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO
ANSWER PLAINTIFF'S REQUESTS FOR ADMISSIONS**

Plaintiff Stephanie Damadio, by and through undersigned counsel, hereby files Plaintiff's Motion to Compel Defendant to Answer Plaintiff's Requests for Admissions, and states as follows:

**BACKGROUND FACTS**

On September 27, 2007, Plaintiff served twenty (20) written interrogatories and ninety-nine (99) requests for admissions upon counsel for the Defendant. See attached Ex. 1, Plaintiffs' First Set of Written Interrogatories and Request for Admissions. Consistent with the provisions of Fed. R. Civ. P. 33 and 36 and the applicable Local Rules, Defendant's responses to these interrogatories and requests for admission were due on October 30, 2007.

On October 1, 2007, Defendant objected to the ninety-nine requests for admission that Plaintiff had served[1]. See attached Ex 2, Letter from Ms. Momeni dated October 1, 2007. Defendant's counsel stated in relevant part[2]:

> We are in receipt of your ninety-nine (99) requests for admissions, dated September 27, 2007. We object to them *in toto*. It is clear that they are unduly burdensome and border on harassment. Although a small number of requests may be appropriate, it is clear that the admissions are a blatant attempt to circumvent the limits imposed by the Federal Rules of Civil Procedure and the Local Rules.
> Ex. 2, ¶ 1.

In support of its objection to the Requests for Admissions, Defendant relies upon two District Court cases for the proposition that admissions may not be transformed into

---

[1] Defendant has not yet responded to the Plaintiff's First Set of Written Interrogatories. Only Plaintiff's Requests for Admissions are the subject of this Motion.

[2] Inexplicably the Defendant has forgotten its contention that: "[u]p to seven additional hours of deposition time (Plaintiff's deposition) will be necessary given the length and breadth of plaintiff's complaint." Defendant's Motion to Enlarge Plaintiff's Deposition Time, ¶ 1. The next sentence in Defendant's motion provides: [f]urthermore plaintiff's complaint contains allegation that dating back to 1999, necessitating additional time for fair examination. In support of the Motion to Enlarge Time, Defendant has eagerly embraced the notion that there are numerous issues of fact involved in Plaintiff's discrimination allegations, yet curiously Defendant desires to be excused from taking the time required to potentially narrow the issues through these Requests for Admissions.

interrogatories.  See, <u>Jones v. Boyd Truck Lines</u>, 11 F.R.D. 67, at 69 (W.D.. Mo. 1951) and <u>Meixsell v. Delaware</u>, L & W.R.R, 26 F.R.D. 152 (E.D. Pa 1960).  Neither case is on point for this situation since the Plaintiff's Requests for Admissions are not backdoor interrogatories.

On October 3, 2007, Plaintiff responded to Defendant's objections by letter seeking to have the Defendant reconsider its position.  See Ex. 3, Letter from Mr. Hendricks, dated October 3, 2007.  The letter provides:

> Defendant objects to the number of admissions that Plaintiff has requested.  Your letter states that "a small number of requests [Requests for Admission] may be appropriate."  The applicable Local Rules do not place a limit on the number of admissions that can be requested.  The complaint contains 110 paragraphs with many specific allegations of fact.  Defendant cannot arbitrarily impose an unspecified limit on the number of admissions that Plaintiff may serve.  Plaintiff is permitted consistent with Rule 36 to identify and to narrow the facts in dispute.  The time required to properly respond to Plaintiff's Requests should not be more than a couple of hours. (footnote omitted)  Any of these Requests which are admitted by Defendant will save time for both parties.

Plaintiff urged that Defendant to reconsider its objection *in toto* to Plaintiff's Requests for Admissions.  The letter concluded:

> Defendant should reconsider the position stated in your letter of October 1, 2007, and agree to properly respond to Plaintiff's Requests for Admissions.  We request that you

>notify us of your intentions on this point in writing by noon on October 5, 2007.  If Defendant refuses to reconsider, then Plaintiff will be forced to seek the assistance of the Court to resolve this matter.
>Ex. 3, ¶ 4.

On October 5, 2007, Counsel for Defendant responded to Plaintiff's letter requesting that Defendant reconsider its refusal to provide responses to any of the Requests for Admissions.  See Ex. 4, Email from Ms. Momeni, dated October 5, 2007.  Ms. Momeni's response is as follows:

>I am in receipt of your letter dated October 3, 2007, regarding our objections to Plaintiff's Requests for Admissions, sent on September 27, 2007.  In your October 3, 2007 letter, you demand a response by October 5, 2007.  Please be advised that the Federal Rules do not require any response to the the (sic) Request before October 29, 2007, and no party may unilaterally alter the Rules.  We will timely file appropriate documents, as necessary.

**ARGUMENT**

The purpose of Rule 36 Requests for Admissions is to narrow the issues which are actually in dispute.  This permits the parties and the Court to focus on the issues which the Court must resolve based on the evidence.  Plaintiff's Requests for Admission are taken directly from the allegations in the Complaint.  They are focused statements designed to assist the parties to identify the issues in dispute.  Determining now which issues are in dispute

will permit both parties to focus their discovery, including upcoming depositions on the facts and issues actually in dispute.

Moreover, the time required for Defendant's counsel to properly admit or deny these ninety-nine Requests for Admissions should not be more than a couple of hours. Defendant's counsel is not required to produce lengthy answers to these Requests for Admissions. Indeed the only possible answers are admit, deny, or admit in part and deny in part. Thus Defendant cannot properly contend that providing such responses would be burdensome. While seeking to enlarge the time for Plaintiff's deposition, Defendant's counsel referenced the that the discrimination claims in the Complaint involve multiple issues that occurred over a period from 1999 through 2005[3]. See Defendant's Motion to Enlarge Plaintiff's Deposition Time, ¶ 1. Defendant cannot now backpedal and contend that no purpose is served by narrowing the issues.

The October 5, 2007, e-mail from Defendant's counsel is not a model of clarity. However, the clear implication is that the Defendant will not reconsider its position as requested by Plaintiff. Defendant has unambiguously refused to withdraw its objection "*in toto*" to Plaintiff's Requests for Admissions. See Ex. 4. Somewhat puzzling is Defendant's reference to the

---

[3] See footnote 2, above.

thirty day period for responding to the Requests for Admission. Defendant has already served upon Plaintiff a written global objection to covering each of the Requests for Admissions and informing the Plaintiff that none of them will be either admitted or denied. See Ex. 2. Defendant has also refused to reconsider its position. See Ex. 4. Thus the Defendant's objection and refusal to reconsider is a bar to Plaintiff's receipt of proper responses either admitting or denying each of the Requests for Admissions. This matter is ripe for the Court to resolve whether Defendant's global objection and global refusal to respond further is consistent with the provisions of Fed. R. Civ. P. 36.

The Defendant's counsel has unilaterally rewritten Fed. R. Civ. P. 36 to provide an opt out clause whenever Defendant does not agree with the number of requests for admission that are served by Plaintiff. The meaning of the written objection provided on October 1, 2007, is plain. See Ex. 2. The Defendant states that none of the Requests for Admission will be admitted or denied. See Ex. 2. Defendant's counsel calls upon Plaintiff to withdraw all the Requests for Admission and to replace them with some unspecified lesser number. This is contrary to the letter and spirit of Fed. R. Civ. P. 36. Plaintiff is entitled, consistent

with Fed, R. Civ. P. 36 and fundamental fairness, to have Defendant admit or deny each of these Requests for Admissions. Defendant cannot be allow to shirk its responsibility.

## CONCLUSION

For the reasons stated above, the Defendant's global objection to Plaintiff's Requests for Admission is without basis must be rejected. Plaintiff's Motion to Compel should be granted, Defendant must be required to provide appropriate answers to the Requests for Admissions within ten days of the Court's Order. An appropriate Order is attached.

Respectfully submitted,

/s/
CHARLES W. DAY, JR.
(DC Bar No. 459820)
MYRREL C. HENDRICKS, JR.
(DC Bar No. 291781)
GEBHARDT & ASSOCIATES, LLP
1101 17th Street, N.W.
Suite 807
Washington, DC 20036-4716
Telephone: (202) 496-0400
Facsimile: (202 496-0400

October 8, 2007                    Attorneys for Plaintiff

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Motion to Compel Defendant to Answer Plaintiff's Requests for Admissions with attached Exhibits No. 1 through 4 were filed with the Clerk of the Court and served this 8th day of October, 2007, via the Court's ECF system upon counsel for Defendant as follows:

        Mercedeh Momeni, Esq.
        Assistant United States Attorney
        United States Attorney's Office
        555 4th Street, NW
        Washington, DC 20530
        Telephone:
        Facsimile

                /s/
              Myrrel C. Hendricks, Jr.