**EXHIBIT 2**



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

October 1, 2007

**Via Electronic Mail and Facimile**
Myrrel C. Hendricks, Jr. Esq.
Gebhardt & Associates, LLP
1101 17th Street, NW, Suite 807
Washington, DC 20036-4716

*Damadio v. Kempthorn*
*Civil Action No. 06-1503*

Dear Mr. Hendricks:

    We are in receipt of your ninety-nine (99) requests for admissions, dated September 27, 2007. We object to them *in toto*. It is clear that they are unduly burdensome and border on harassment. Although a small number of the requests may be appropriate, it is clear that the admissions are a blatant attempt to circumvent the limits imposed by the Federal Rules of Civil Procedure and the Local Rules.

    "Rule 36(a) was not designed to make discovery of the existence of facts, as such. It was designed as an effective method to discover and circumscribe contested factual issues in a case, either basic or ultimate facts, so that the disputed issues may be clearly and succinctly presented to the trier of facts." *Jones v. Boyd Truck Lines*, 11 F.R.D. 67, 69 (W.D. Mo. 1951). In other words, the purpose of Rule 36 is to quickly ascertain which facts are not in dispute. Plaintiff's requests for admissions, however, require long explanations from Defendant of why certain facts may be in dispute, *inter alia*. Plaintiff is essentially trying to use her requests for admissions as additional interrogatories. Allowing these requests would be improper because it would effectively circumscribe the limit of twenty-five interrogatories created by Federal Rule of Civil Procedure 33(a). *See also Meixsell v. Delaware, L. & W.R.R.*, 26 F.R.D. 152, 152 (E.D. Pa. 1960) ("[W]e cannot ignore the differentiation between [Rule 33 and Rule 36], the purposes and functions of which are separate and distinct.").

    We feel strongly enough about this issue to seek a protective order. Our responses to admissions are due October 29, 2007, so we will have to file our motion before then. Alternatively, you can withdraw your ninety-nine (99) requests for admissions and reissue an appropriate set, at a later date. Kindly advise me of your position on this issue no later than October 15, 2007.

Please feel free to call me, at 202-305-4851, if you have any questions.

Sincerely,

JEFFREY A. TAYLOR
United States Attorney

By: /s/
_____
MERCEDEH MOMENI
Assistant United States Attorney

cc: Jackie Jackson, Esq.