**EXHIBIT 3**

Law Firm

# GEBHARDT & ASSOCIATES, LLP

1101 17TH STREET, N.W.
SUITE 807
WASHINGTON, DC 20036-4716

JOSEPH D. GEBHARDT • DC & MD
CHARLES WILLIAMSON DAY, JR • DC, MD & NY
VALENCIA R. RAINEY • DC & AR
MARK A. DANN • DC, NJ & NY
DANIEL K. GEBHARDT • DC & NJ
CLARISSA H. WU • DC & MD

OF Counsel
MYRREL C. HENDRICKS, JR. • DC
LENORE C. GARON • DC & VA
SUSAN C. LEE • DC & CA
 PHONE: (202) 496-0400
 FAX: (202) 496-0404

October 3, 2007

<u>VIA FACSIMILE AND ELECTRONIC TRANSMISSION</u>

Mercedeh Momeni, Esq.
U.S. Attorney's Office
555 Fourth Street, N.W.
Judiciary Square Building, Tenth Floor
Washington, DC 20530

    Re: <u>Stephanie Damadio v. Secretary of the Interior</u>,
        Civil Action No. 06-1503 (RJL)

Dear Ms. Momeni:

    We are in receipt of your letter dated October 1, 2007, objecting *"in toto"* to our Requests for Admissions. In that letter you represent that based upon Defendant's objections to our Requests for Admissions, the Defendant will not respond to any of the admissions that Plaintiff has requested. We believe that Defendant's blanket refusal to respond to Plaintiff's Requests for Admissions is untenable.

    As you concede, the purpose of Rule 36 Requests for Admissions is to narrow the issues which are actually in dispute. That is precisely what Plaintiff's Requests are designed to accomplish. These admissions focus on specific facts[1] that form the rubric of

---

    [1] Requests Nos. 16 through 20 focus on specific facts relating to the promotion from GS-13 to GS-14 by Marilyn Nickels of John Douglas and Richard Brook. These background facts are necessary to Plaintiff's claim that they are similarly situated male employees who were treated more favorably. Defendant may contend that Mr. Douglas and Mr. Brook were not similarly situated employees however a response to these requests is

Ms. Mercedeh Momeni, Esq.
October 3, 2007
Page 2

Plaintiff's discrimination allegations. The majority of the 99 admissions are directly linked to the allegations in the complaint, and we have only requested that Defendant respond with either "Admit", "Deny" or "Without Sufficient Information". The two District Court cases cited in your letter are simply not on point. By responding as such, Defendant can indicate which allegations are disputed. Identifying those issues that are not in dispute will permit the parties to focus on those issues which the Court must decide. For example, the first 13 admissions seek to establish the gender and race of significant persons in the case.

Defendant objects to the number of admissions that Plaintiff has requested. Your letter states that "a small number of requests [Requests for Adamission] may be appropriate." The applicable Local Rules do not place a limit on the number of admissions that can be requested. The complaint contains 110 paragraphs with many specific allegations of fact. Defendant cannot arbitrarily impose an unspecified limit on the number of admissions that Plaintiff may serve. Plaintiff is permitted consistent with Rule 36 to identify and to narrow the facts in dispute. The time required to properly respond to Plaintiff's Requests should not be more than a couple of hours[2]. Any of these Requests which are admitted by Defendant will save time for both parties.

Defendant should reconsider the position stated in your letter of October 1, 2007, and agree to properly respond to Plaintiff's Requests for Admissions. We request that you notify us of your intentions on this point in writing by noon on October 5, 2007. If Defendant refuses to reconsider, then Plaintiff will be forced to seek the assistance of the Court to resolve this matter.

        Very truly yours,

         /s/
        Myrrel C. Hendricks, Jr.

---

required under Fed. R. Civ. P. 36.

[2] Counsel could have responded fully to Plaintiff's Requests for Admissions in about the time required to write the October 1, 2007 letter objecting to the Plaintiff's Requests for Admissions.