UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHANIE DAMADIO, | ) |
| | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.06-1503 (RJL/DAR) |
| | ) |
| v. | ) |
| | ) |
| DIRK KEMPTHORNE, Secretary | ) |
| Department of Interior, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO PLAINITFF'S MOTION FOR A PROTECTIVE ORDER**

Plaintiff Stephanie Damadio, by and through undersigned counsel, hereby files Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for a Protective Order, and states as follows:

**BACKGROUND**

On September 17, 2007, Plaintiff filed Plaintiff's Motion for a Protective Order to require that her deposition be held in Sacramento, California where she is employed by the Defendant. See USDC Pacer No. 19. Plaintiff's Motion was supported by a Memorandum of Points and Authorities and Exhibits A-F. See USDC Pacer No. 19. Under the provisions of the Federal Rules of Civil Procedure and the applicable Local Rules, Defendant's Opposition was due on October 1, 2007. Defendant

did not file its Opposition to Plaintiff's Motion for Protective Order until October 2, 2007.  See USDC Pacer No. 21.  Defendant's counsel filed late without requesting an extension from either the Court or Plaintiff's counsel.

On October 3, 2007, Plaintiff filed a Motion to Strike Defendant's Opposition as untimely filed.  See USDC Pacer No. 25.  Upon receipt of Plaintiff's Motion to Strike, Defendant filed a belated Motion for Leave to file its Opposition One Day Late.[1]  See USDC Pacer No. 26.  Plaintiff's Motion to Strike and Defendant's Motion for Leave to File One Day Late are currently pending with the Court.  Plaintiff believes that Defendant's Opposition to Plaintiff's Motion for a Protective Order should be stricken and disregarded as untimely filed.  See USDC Pacer No. 25.  However, in an overabundance of caution and without conceding to any of Defendant's positions, Plaintiff files this Reply addressing the salient errors contained in the Defendant's Opposition.

---

[1] In this Motion, Defendant's counsel claimed that a calendaring error caused the Opposition to be filed one day late.  Yet the so-called Opposition is also styled as a Reply in Support of Supplemental Motion to Compel Plaintiff's Attendance for Her Deposition in Washington, DC.  Any such reply brief was due on September 25, 2007.  Yet Defendant seeks to have the Court accept its Brief filed belatedly on October 2, 2007.

**ARGUMENT**

I. **PLAINTIFF'S DEPOSITION SHOULD BE HELD IN SACRAMENTO, CALIFORNIA**

   A. **All Three Depositions Should Be Held In Sacramento, California**

The sole issue presented by Plaintiff's Motion for Protective Order is whether her deposition should occur in Sacramento, California. See USDC Pacer No. 19. Plaintiff and two other employees of the Defendant, Ms. Berger[2] and Mr. Wilson are currently scheduled to be deposed. All three individuals work for the Defendant in Sacramento, California and reside in Sacramento, California. Therefore, all three depositions should be held in Sacramento for the convenience of the witnesses. Moreover, holding all three depositions at one time in Sacramento would minimize the use of resources.

Defendant stubbornly insists that Plaintiff should travel to Washington, D.C. at her own expense to be deposed. Defendant seeks to turn the tables on the Plaintiff by requiring her to

---

[2] In the Opposition, Defendant seeks to raise any issue concerning Ms. Berger's knowledge of relevant information. Plaintiff identified Ms. Berger in her Rule 26(a) Statement which was provided to the Defendant. Plaintiff worked directly with Ms. Berger on critical aspects of important Indian rights litigation. Plaintiff was commended for her outstanding work on that case. No further showing of the relevance of her testimony is required at this time.

come to Washington, D.C. apparently for the convenience of Defendant's counsel without Defendant covering her expenses.[3]

### B. Defendant Has Provided No Compelling Reason Plaintiff Should Be Deposed In Washington, D.C.

Throughout this controversy, Defendant has not identified any compelling reason why Plaintiff's deposition should occur in Washington, D.C.  In the Opposition, Defendant speculates that the cost of shipping and storing the documents to be used at the deposition would be excessive.  See USDC Pacer No. 21, p. 4.  However, no actual cost estimates were provided in the Opposition.  There is a reason for this telling omission.  The deposition of Plaintiff is only scheduled for two days.  The Defendant's entire document production of approximately 4,400 pages fits into two standard document boxes.  The shipping costs are clearly minimal.  The Defendant has significant office space in Sacramento, California.  No additional costs for storage would be required.  These cost simply are not significant given the Defendant's annual budget and the costs of litigation in

---

[3] In this Motion, Defendant's counsel claimed that a calendaring error caused the Opposition to be filed one day late. Yet the so-called Opposition is also styled as a Reply in Support of Supplemental Motion to Compel Plaintiff's Attendance for Her Deposition in Washington, DC. Any such reply brief was due on September 25, 2007.  Yet Defendant seeks to have the Court accept its Brief filed belatedly on October 2, 2007.

this case. Defendant's contention concerning costs for shipping and storage of documents is a fraud.

Prior to this Opposition, Defendant has clung to the notion that it's choice of location for Plaintiff's deposition must control regardless of any reasons for holding the deposition in Sacramento, California. However in its Opposition for the first time Defendant suggests that Defendant's trial counsel may elect not attend the depositions of Ms. Berger and Mr. Wilson when Plaintiff deposes them in Sacramento, California.  <u>See</u> USDC Pacer No. 21, at footnote five.  This possibility has never been raised before and should not be taken seriously.  Defendant cannot persuade this Court that Defendant's trial counsel will permit Defendant's employees to testify without counsel present.[4]  Defendant is merely trying to create an illusion to obscure the certainty that Defendant's counsel must go to Sacramento, California regardless of where Plaintiff's deposition is held.

The foundation for this belated and incredible claim that counsel will not defend the depositions of Ms. Berger and Mr.

---

[4] Ironically, Defendant makes this aversion despite the fact that Agency's attorney Jackie Jackson insisted on being present for each interview conducted by the EEO investigator in the administrative portion of Plaintiff's most recent EEO case.

Wilson is transparently false. Defendant now contends without basis that in a Title VII case only the Plaintiff's former supervisors, those who took the alleged discriminatory actions, may be deposed without a subpoena. But see Fed. R. Civ. P. 30(b), United States vs. One Parcel of Real Estate, 121 F.R.D. 439, 439-40 (Fed. R. Civ. P. 30(b)(6) permits the party seeking deposition to designate the agency's employee who will testify for the agency based on the employee's relevant knowledge), and Sugarhill Records v. Motwon Records, et al., 105 F.R.D. 166, 169 (upholding a Rule 30(b)(6) designation where the designated individual (1) identified with the employer's interests, (2) was involved in and had knowledge of pertinent facts at issue, and (3) had exercised certain discretions in the performance of her job duties). Defendant offers no citation for this novel proposition. Fed. R. Civ. P. 30(b) plainly permits the Plaintiff to designate the employees of the Defendant, who have knowledge of facts relevant to her discrimination claims. See One Parcel, 121 F.R.D. at 439-40. Defendant apparently contends that under the Fed. R. Civ. P. 30(b), depositions of employees other than the persons who took the discriminatory actions are

to be discouraged.[5]  But see Sugarhill, 105 F.R.D. at 169.

In the Opposition, Defendant offers a rambling discourse concerning whether Ms. Berger[6] and Mr. Wilson, both employees of the Defendant, are non-party witnesses. See USDC Pacer No. 21, pp. 4-6.  Defendant ignores that they are co-employees of the Plaintiff who have information that is directly relevant to her discrimination claims.  See Sugarhill, 105 F.R.D. at 169.  In short, Ms. Berger and Mr. Wilson are fact witnesses that are employed by the Defendant who have information relevant to Plaintiff's Title VII claims.  Their depositions have been properly noticed pursuant to Fed. R. Civ. P. 30(b)(6) and the Defendant's daffy arguments cannot alter that reality. Plaintiff should be deposed in Sacramento, California contemporaneously with Ms. Berger and Mr. Wilson.

---

[5] This novel proposition would clearly benefit the Defendant by increasing the difficulty of securing favorable testimony for the Plaintiff.

[6] Ms. Berger is the Deputy Regional Solicitor in the Pacific Southwest Regional Office of the Solicitor of the Defendant. Plaintiff worked with her on critical policy aspects of important litigation.  Ms. Berger has direct knowledge of disputed issues concerning the treatment of the Plaintiff by Ms. McClellan. Thus Plainitff can clearly notice her deposition consistent with Fed. R. Civ. P. 30(b).  Furthermore, Ms. Berger's knowledge, as Deputy Solicitor, must include matters to which the Defendant may wish to assert a claim of privilege, it would be irresponsible for the Defendant not to have counsel present at her deposition.

## **CONCLUSION**

For the reasons stated above, Defendant's arguments are without merit. Plaintiff's Motion for a Protective Order should be granted, the deposition of the Plaintiff must be held over two consecutive days in Sacramento, California. An appropriate Order is attached.

Respectfully submitted,

_____/s/_____
CHARLES W. DAY, JR.
(DC Bar No. 459820)
MYRREL C. HENDRICKS, JR.
(DC Bar No. 291781)
GEBHARDT & ASSOCIATES, LLP
1101 17th Street, N.W.
Suite 807
Washington, DC 20036-4716
Telephone: (202) 496-0400
Facsimile: (202 496-0400

October 9, 2007                    Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for a Protective Order were filed with the Clerk of the Court and served this 9th day of October, 2007, via the Court's ECF system upon counsel for Defendant as follows:

>Mercedeh Momeni, Esq.
>Assistant United States Attorney
>United States Attorney's Office
>555 4th Street, NW
>Washington, DC 20530
>Telephone:
>Facsimile

>                    /s/
>Myrrel C. Hendricks, Jr.