UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHANIE DAMADIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 06-01503 (RJL/DAR) |
| DIRK KEMPTHORNE, ) | ECF |
| SECRETARY, ) | |
| U.S. DEPARTMENT OF THE INTERIOR, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE SURREPLY, SURREPLY AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Defendant, United States Department of the Interior, hereby moves for leave to file the following sur-reply in response to Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Protective Order. USDC Pacer Doc. No. 28 ("Reply"). Pursuant to LCvR 7(m), the parties have conferred and Plaintiff does not consent to the relief requested.

In support of this Motion, Defendant states as follows:

1. Defendant's surreply is necessary in order to correct Plaintiff's misstatements of the law (1) regarding which party carries the burden of providing the Court with proof of extraordinary or special circumstances as to why Plaintiff should not be deposed in Washington, D.C., as per the pending Notice of Deposition, and (2) her *newly raised* argument regarding Fed. R. Civ. P. 30(b)(6) witnesses. In addition, Plaintiff's Reply mischaracterizes the Department's position regarding the depositions of non-party witnesses and the presence of counsel at these depositions, which cannot remain unanswered. Preliminarily, it should be noted that Plaintiff's Reply states that the "sole" issue is "whether her deposition should occur in Sacramento, California," but goes on to discuss, at length, the issues involving two other employees of the Department who are "currently scheduled to be deposed." Reply at 3 and 5-7. Plaintiff's contentions are incorrect. Issues other than the location of her deposition are pending, if the Court orders that her deposition be conducted in California. *See* Def. Suppl. Motion, Doc. No. 18 at 6-7. Moreover, Ms. Berger and Mr. Wilson's depositions are not currently pending because

1

Plaintiff has not served these non-party witnesses with a subpoena, nor can *Plaintiff* designate them as Rule 30(b)(6) witnesses.

2. <u>Burden of Showing Cause for Change of Deposition Location</u>: Plaintiff's Reply states, ". . . Defendant has not identified any compelling reason why Plaintiff's deposition should occur in Washington, D.C.," implying that the Department carries the burden of showing why its own Notice of Deposition, served on August 8, 2007, should be nullified. The foregoing, in addition to being counterintuitive, simply flies in the face of legal authority. The Department fully briefed this issue in its Supplemental Motion to Compel Plaintiff's Appearance for Her Deposition in Washington, D.C. (Doc. No. 18) and its Opposition to Plaintiff's Motion for Protective Order (Doc. No. 24). Despite having had multiple opportunities to do so, Plaintiff still has not supplied the Court with any legal authority supporting her position that she should be deposed outside the forum where she filed her complaint, and improperly wishes to shift the burden of proof on this issue to Defendant.[1] Thus, her contention that the Department should provide a "compelling reason [why] Plaintiff should be deposed in Washington, D.C." (Reply at 4), is without merit.

3. <u>Fed. R. Civ. P. 30(b)(6)</u>: In her Reply Plaintiff mistakenly, and for the first time, claims that Mr. Wilson and Ms. Berger could be designated as Rule 30(b)(6) witnesses, and that the Rule "plainly permits *Plaintiff* to designate the employee of the Defendant" as such. Reply at 6 (emphasis added). First, it should be noted that to date Plaintiff has neither subpoenaed these two non-party witnesses nor has she provided the Court with a specific proffer as to why she wishes to depose them.[2] These omissions are unambiguous indications that her demand to depose these non-party, ancillary witnesses, at this juncture, is a red herring, *i.e.*, an attempt to

---

[1] Plaintiff's Reply also speculates that the Department's "stubborn" insistence that Plaintiff come to Washington, D.C. is "*apparently* for the convenience of counsel." Reply at 3-4 (emphasis added). She then disregards the Department's stated concerns about overall costs to the taxpayer and presumes that "Defendant's annual budget" is an open fund from which she may draw to litigate her case outside this her chosen forum. Reply at 4. Plaintiff then baldly states that "Defendant's contentions concerning costs of shipping and storage of documents is a *fraud*." Reply at 5 (emphasis added). Plaintiff's assumptions and suppositions are all without factual basis. The true reasons are indeed outlined in the Department's related filings.

[2] Other than stating, in very general terms, that "they are co-employees of the Plaintiff" who have relevant knowledge. Reply at 7.

obfuscate the real issue before the Court. It should also be noted that the Department has repeatedly offered to engage in discussions with Plaintiff in order to stipulate to Ms. Berger's testimony and save litigation costs, but to date Plaintiff has not responded. Second, Rule 30(b)(6), commonly referred to as the "corporate representative rule", provides, in pertinent part,

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation . . . or government agency and describe with reasonable particularity the matters on which examination is requested. In that event, *the organization so named shall designate* one or more officers directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.

Fed. R. Civ. P. 30(b)(6) (emphasis added). Plaintiff claims that she has properly noticed these depositions, pursuant to Fed. R. Civ. P. 30(b)(6), but attaches no proof of same, because to date she has not, and cannot. In light of the foregoing, Plaintiff's contentions that "Defendant's *daffy* arguments cannot alter [the] reality [that she noticed these witnesses depositions pursuant to Rule 30(b)(6)]" is, on its face, without merit and should not be considered by the Court. Reply at 7 (emphasis added).

4.   <u>The Presence of Counsel at the Deposition of Non-Party Witnesses</u>: Plaintiff misrepresents the Department's position when she states that ". . . . the Defendant suggests that Defendant's trial counsel may elect not to attend the depositions of Ms. Berger and Mr. Wilson." Reply at 5 (*citing* Doc. No. 21 at n. 5). Defendant has made no such claim. In an attempt to highlight the cost differential between holding depositions in Washington, D.C. and California, the Department advised the Court that while Ms. Jackie Jackson's (Agency Counsel) presence would not be necessary at the deposition of two non-party ancillary witnesses, her attendance at Plaintiff's deposition would be essential. *See* USDC Pacer Doc. No. 21 at 7 and n. 5. It is a leap in logic to contend that no attorney would be needed to defend the deposition of non-party witnesses when what was actually proffered was that Agency Counsel would not need to attend said depositions. Curiously, Plaintiff does not acknowledge that other attorneys, including the undersigned, could be in attendance. Plaintiff's assertion that the Department's position is "transparently false" is clearly misguided and should be disregarded. Reply at 6.

3

WHEREFORE, Defendant's Motion to File Surreply should be granted. Additionally, Plaintiff should be compelled to present her self in Washington, D.C. for her deposition. In the alternative, should the Court decide that Plaintiff's deposition should take place in California, Plaintiff should bear related travel and lodging costs for the undesigned and Agency Counsel.

Respectfully submitted,

JEFFREY A. TAYLOR
D.C. Bar #498610
United States Attorney

/s/
RUDOLPH CONTRERAS
D.C. BAR #434122
Assistant United States Attorney

MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N. W.
Washington, D.C. 20530
(202) 305-4851

*Of Counsel*:
JACQUELINE JACKSON
Senior Attorney
U.S. Department of the Interior
Office of the Solicitor
Washington, DC 20240

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of October, 2007, a copy of the foregoing *Motion for Leave to File Surreply, Surreply and Memorandum of Points and Authorities in Support Thereof*, was filed with the Clerk of the Court and served on Plaintiff's counsel via the Court's ECF system:

Charles W. Day, Jr., Esq.
Myrrel C. Hendricks, Jr., Esq.
Gebhardt & Associates, LLP
1101 17th Street, N.W., Suite 807
Washington, D.C. 20036-4716

/s/ Mercedeh Momeni
MERCEDEH MOMENI
Assistant United States Attorney
Judiciary Center
555 Fourth Street, N.W.
Washington, D.C. 20530

5