UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHANIE DAMADIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 06-01503 (RJL/DAR) |
| DIRK KEMPTHORNE, ) | ECF |
| SECRETARY, ) | |
| U.S. DEPARTMENT OF THE INTERIOR, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

Introduction

Defendant, United States Department of the Interior, respectfully submits this Opposition to Plaintiff's Motion to Strike. On October 3, 2007, Plaintiff filed a Motion to Strike ("Motion") the Department's Reply in Support of its Motion to Compel[1] and in Opposition to Plaintiff's Motion for a Protective Order of October 2, 2007. *See* USDC Pacer Doc. Nos. 25 and 24, respectively. Plaintiff's sole stated reason for bringing her Motion is that the Department's Opposition was filed one day late. She has burdened the Court with her Motion without either providing any legal authority to support her position that the Opposition should be stricken or conferring with the Department, as required by Local Civil Rule 7(m). Moreover, conspicuously absent from her motion is any claim of injury or prejudice she may have suffered as a result of the one-day delay.

Discussion

Preliminarily, it should be noted that Plaintiff offers no legal authority in support of her Motion. Insofar as she may be relying on Rule 12(f) (Motion to Strike Rule) of the Federal

---

[1] Plaintiff had not filed an Opposition to the Department's Motion to Compel Plaintiff's Appearance for Her Deposition in Washington, DC, therefore requiring no Reply. *See* Docket generally. Nevertheless, out of an abundance of caution and as explained in its brief, the Department Titled Doc. No. 24 in the foregoing manner, in the event the Court would construe Plaintiff's Motion for Protective Order as an Opposition, even though her Motion for Protective Order does not address all the issues raised in the Department's Motion to Compel.

1

Rules of Civil Procedure, that Rule is limited to pleadings.  *See Baloch v. Norton*, 2007 WL 2774507, n. 2 (D.D.C. Sept. 25, 2007) *citing Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  Defendant's Opposition is not a pleading.  *Compare* Fed. R. Civ. P. 7(a) *with* 7(b).

Should the Court wish to consider plaintiff's Motion despite the foregoing, it should be noted that Plaintiff's position that "Defendant has cavalierly disregarded the applicable filing deadline . . ." is unfounded.  As the Department had previously advised the Court, the filing deadline was missed but by a single day, due to mis-calendering.  *See* USDC Pacer Doc. No. 25, p. 2 and Doc. No. 26, generally.  Although the undersigned regrets the mis-calendering that caused this one-day delay, adding yet another motion to the docket is not the appropriate approach to conducting discovery.  This is especially true where there is no evidence, whatsoever, that Plaintiff suffered any prejudice as a result of the one-day difference.  Had Plaintiff's counsel simply contacted opposing counsel, one, not two more motions would be before the Court following the late filing.  Stated differently, if Plaintiff's counsel had conferred with undersigned counsel, the Court only would be entertaining the common motion for a one-day extension (Doc. No. 26), instead of the foregoing *and* Plaintiff's Motion to Strike (Doc. No. 25).  Further, as the Court is well aware, this is not the first time Plaintiff has made much ado about nothing and attempted to create discovery-related controversies.[2]  Accordingly, Plaintiff's Motion should be denied.

---

[2]  Yet another example of this type of conduct is Plaintiff's October 8, 2007, Motion to Compel, wherein she advised the Court that Defendant's responses to Plaintiff's 99 requests for admission "*were* due on October 30, 2007." *See* USDC Pacer Doc. No. 27 (emphasis added).  Unclear as her position may be, filing the foregoing premature motion with the Court was ostensibly done to shorten the Department's response time.  As the Department had previously advised Plaintiff via an e-mail dated October 5, 2007, it is still considering its options, and intends to take appropriate action in a timely manner, as prescribed by the Rules.  Plaintiff's continued and unfortunate attempts to create controversy when none exist, amount to an unnecessary imposition on the Court's time, this office's limited resources and only serves to increase legal fees.  *See also* USDC Pacer Doc. No. 24 n. 2.

Conclusion

      For all the foregoing reasons, Plaintiff's Motion to Strike Defendant's Reply in Support of its Motion to Compel and in Opposition to Plaintiff's Motion for a Protective Order should be denied.

                                Respectfully submitted,

                                _____/s/_____
                                JEFFREY A. TAYLOR
                                D.C. Bar #498610
                                United States Attorney

                                _____/s/_____
                                RUDOLPH CONTRERAS
                                D.C. BAR #434122
                                Assistant United States Attorney

                                _____/s/_____
                                MERCEDEH MOMENI
                                Assistant United States Attorney
                                Civil Division
                                555 4th Street, N. W.
                                Washington, D.C.  20530
                                (202) 305-4851

CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of October, 2007, a copy of the foregoing *Opposition to Plaintiff's Motion to Strike* was filed with the Clerk of the Court and served on Plaintiff's counsel via the Court's ECF system:

Charles W. Day, Jr., Esq.
Myrrel C. Hendricks, Jr., Esq.
Gebhardt & Associates, LLP
1101 17th Street, N.W., Suite 807
Washington, D.C. 20036-4716

/s/
_____
MERCEDEH MOMENI
Assistant United States Attorney
Judiciary Center
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530