UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHANIE DAMADIO,        )<br>                           )<br>                           )<br>     Plaintiff,           )<br>                           ) Civil Action No.06-1503 (RJL/DAR)<br>                           )<br>   v.                      )<br>                           )<br> DIRK KEMPTHORNE, Secretary )<br> Department of Interior,    )<br>                           )<br>     Defendant.            )<br>_____) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR LEAVE TO FILE A SURREPLY**

Plaintiff Stephanie Damadio, by and through undersigned counsel, hereby files Plaintiff's Opposition to Defendant's Motion for Leave to File a Surreply, and states as follows:

**BACKGROUND**

On September 17, 2007, Plaintiff filed a Motion for a Protective Order to require that her deposition be held in Sacramento, California, where Plaintiff resides and is employed by the Defendant. See USDC Pacer No. 19. Defendant filed its Opposition to Plaintiff's Motion for Protective Order on October 2, 2007.[1]  See USDC Pacer No. 21.  Plaintiff filed her Reply to

---

[1] Plaintiff filed a Motion to Strike Defendant's Opposition as untimely filed on October 3, 2007. Plaintiff's Motion is currently pending before the Court. Defendant then filed a a belated Motion for Leave to file its Opposition One

Defendant's Opposition on October 9, 2007.  See USDC Pacer No. 28.  Defendant then filed a Motion for Leave to file a Surreply to Plaintiff's Reply on October 11, 2007.  See USDC Pacer No. 29.

## ARGUMENT

**I.   DEFENDANT'S MOTION FOR LEAVE TO FILE A SURREPLY SHOULD BE DENIED BECAUSE PLAINTIFF'S REPLY RAISED NO NEW ARGUMENTS.**

It is well-established that surreplies are disfavored instruments in the District of Columbia Circuit. Alaron Trading Comm'n v. Commodity Futures Trading Comm'n, No. 98-1577, 1999 U.S. App. LEXIS 11044, at *3 (D.C. Cir. Apr. 16, 1999). Moreover, this Court has established unequivocally that leave to file a surreply must be denied where the moving party has failed to demonstrate that the opposing party's Reply presented new matters. Lewis v. Rumsfeld, 154 F. Supp. 2d 56, 61 (D.D.C. 2001) (citing Alexander v. FBI, 186 F.R.D. 71, 74 (D.C. Cir. 1998) (holding that the "standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in

---

Day Late.  Plaintiff's Motion to Strike and Defendant's Motion for Leave to File One Day Late are currently pending before the Court.

the opposing party's reply"). Without such a showing, leave to file a surreply should be denied. Id.

Defendant claims in its Motion for Leave to File a Surreply that Plaintiff's Reply asserts an "argument" raised "for the first time". See USDC Pacer No. 29, p. 2. The "argument" Defendant's Motion refers to is Plaintiff's statement that Rule 30(b)(6) of the Federal Rules of Civil Procedure allows Plaintiff to choose employees of Defendant's to designate as party-witnesses. See USDC Pacer No. 28, p. 6. Defendant fails to understand, however, that the afore-mentioned "argument" is not an argument at all. It is merely a restatement of Rule 30(b)(6) — a recitation of a federal rule Plaintiff rightly believed Defendant to be aware of.

Moreover, Plaintiff's citation to Rule 30(b)(6) is not new or novel in any way. Rather, it responds to an argument raised in Defendant's Opposition, namely that "Ms. Berger and Mr. Wilson are non-party witnesses". See USDC Pacer No. 21, p. 5 (citing United States v. Afram Lines, 159 F.R.D. 408, 413 (S.D.N.Y. 1994) and Founding Church of Scientology v. Webster, 802 F.2d 1448, 1453 (D.C. Cir. 1986)).

Plaintiff's Reply responded to Defendant's argument by stating (1) that Rule 30(b)(6) permits a deposing party to

3

designate employees for deposition, and (2) that the federal courts for the District of Columbia Circuit have never interpreted this Rule to convert such witnesses from party witnesses to non-party witnesses. See Scientology, 802 F.2d at 1451 ("Federal discovery provisions have traditionally provided a mechanism for an adverse party to secure depositions from a public or private corporation through a managing agent designated by the adverse party") (emphasis added). Plaintiff also provided caselaw in her Reply, clarifying the holding in Scientology. See USDC Pacer No. 28, p. 6 (citing to United States v. One Parcel of Real Estate, 121 F.R.D. 439, 439-40 (S.D. Fla. 1988), and Sugarhill Records v. Motown Records, et al., 105 F.R.D. 166, 169 (S.D.N.Y. 1985)).

For these reasons, Defendant's claim that Plaintiff raised arguments related to Rule 30(b)(6) "for the first time" in Plaintiff's Reply is untenable. Plaintiff's Rule 30(b)(6) assertions merely respond to Defendant's Scientology-related arguments in its Opposition. Defendant has had its opportunity to fully address the Rule 30(b)(6) arguments in its Opposition, and therefore should not be given a second chance to raise those arguments anew. Furthermore, because Plaintiff's Reply contained only arguments responsive to those raised in Defendant's

4

Opposition, Defendant's Motion for Leave to File a Surreply should be denied. See Robinson v. Detroit News, Inc., 211 F. Supp. 2d 101, 113 (D.D.C. 2002) (holding that no new argument was raised where the opposing party merely responded to the moving party's previously raised arguments).

> **II. DEFENDANT'S MOTION FOR LEAVE TO FILE A SURREPLY SHOULD BE DENIED BECAUSE DEFENDANT'S SURREPLY MERELY REITERATES DEFENDANT'S PRIOR ARGUMENTS.**

This Court has established unequivocally that leave to file a surreply should be denied where the proposed surreply merely reiterates prior arguments. Flynn, et al. v. Veazey Constr. Corp., 310 F. Supp. 186, 189 (D.D.C. 2004) (citing Robinson, 211 F. Supp. 2d at 113 (striking a proposed surreply which merely reiterated arguments already made and did not add anything new).

Here, Defendant's Proposed Surreply adds nothing new to the arguments at issue. Rather, it simply repackages and restates arguments presented previously in Defendant's Opposition and other documents. A careful reading of the Proposed Surreply makes this fact abundantly clear.

Defendant's Proposed Surreply contains four (4) numbered paragraphs. Paragraph numbers one and three deal exclusively with Plaintiff's Rule 30(b)(6) arguments, which Plaintiff has discussed in detail above. See Robinson, 211 F. Supp. 2d at 113

5

(leave to file a surreply should be denied where the opposing party merely responded to the moving party's previously raised arguments).

Paragraph two discusses the applicable burdens of proof concerning motions related to depositions. Paragraph two recites, virtually ver batim, arguments Defendant presented in its Opposition and its Motion to Compel. In fact, Defendant goes so far as to admit that paragraph two of its Motion merely reasserts old arguments. "The Department fully briefed [the burden of proof] issue in its Supplemental Motion to Compel Plaintiff's Appearance for Her Deposition in Washington, D.C. (Doc. No. 18) and its Opposition to Plaintiff's Motion for a Protective Order (Doc. No. 24)." See USDC Pacer No. 29, p. 2. Clearly, these arguments are not new, and therefore, Flynn precludes Defendant from filing a surreply on the afore-mentioned issue. 310 F. Supp. at 189.

Paragraph four of Defendant's Proposed Surreply also reasserts arguments Defendant made in its Reply in Support of Defendant's Supplemental Motion to Compel. See USDC Pacer No. 21. In paragraph four of its Motion for Leave to File a Surreply, Defendant states that "Plaintiff misrepresents the [Reply's] Position". See USDC Pacer No. 29, p. 3. Regardless

of whether Defendant is correct, Defendant admits <u>a second time</u> that it had the opportunity to raise and, in fact, did previously raise the argument contained in paragraph four of Defendant's Motion. Again, <u>Flynn</u> precludes Defendant from merely reasserting a claim it made previously. 310 F. Supp. at 189. Moreover, Defendant's citation in paragraph four of its Motion unequivocally proves that Defendant has had ample opportunity to address its argument without the use of a surreply. <u>Id</u>. For these reasons, Defendant's Motion for Leave to File a Surreply must be denied.

## CONCLUSION

For all the foregoing reasons, Defendant's Motion for Leave to File a Surreply should be denied, and the Court should consider only Plaintiff's Motion and Reply, and Defendant's Opposition to Plaintiff's Motion.

Respectfully submitted,

/s/
CHARLES W. DAY, JR.
   (DC Bar No. 459820)
MYRREL C. HENDRICKS, JR.
   (DC Bar No. 291781)
GEBHARDT & ASSOCIATES, LLP
1101 17th Street, N.W., Suite 807
Washington, DC 20036-4716
Telephone: (202) 496-0400
Facsimile: (202) 496-0400

October 16, 2007          Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Opposition to Defendant's Motion for Leave to File a Surreply was filed with the Clerk of the Court and served this 16th day of October, 2007, via the Court's ECF system upon counsel for Defendant as follows:

>Mercedeh Momeni, Esq.
>Assistant United States Attorney
>United States Attorney's Office
>555 4th Street, NW
>Washington, DC 20530

>_____/s/_____
>Myrrel C. Hendricks, Jr.