UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEPHANIE DAMADIO,     )
              )
  Plaintiff,        )
              )
 v.            )
              ) Civil Action No. 06-01503 (RJL/DAR)
DIRK KEMPTHORNE,      ) ECF
SECRETARY,         )
U.S. DEPARTMENT OF THE INTERIOR, )
              )
  Defendant.       )
_____)

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
DEFENDANT TO ANSWER PLAINTIFF'S REQUEST FOR ADMISSIONS**

I. INTRODUCTION

    Defendant Dirk Kempthorne, Secretary of the Department of Interior ("defendant" or "the Department"), by and through undersigned counsel, respectfully submits this opposition to Plaintiff's Motion to Compel Defendant To Answer Plaintiff's Requests for Admissions ("Motion to Compel RFA Responses").  USDC Pacer Doc. No. 27.  Plaintiff's Motion should be dismissed as it is premature, for two reasons.  First, no response is required to Plaintiff's Requests for Admissions until October 30, 2007.  Second, Plaintiff violated Fed. R. Civ. P. 37(a)(2)(A) when she filed her Motion to Compel without a good faith effort to resolve the issue between the parties.  A proposed Order is herewith attached.

II. BACKGROUND

    There is no dispute about the fact that Plaintiff served 20 Interrogatories and 99 RFAs on Defendant on September 27, 2007.  *See* Motion to Compel RFA Responses at 1 and Exh. 1.  There is no question that the Department's responses are not due until October 30, 2007.  Fed. R.

1

Civ. P. 33 and 36. Nevertheless, in a good faith effort to move discovery forward, on October 1, 2007, the Department notified Plaintiff that it found her written requests objectionable and suggested that Plaintiff reconsider her approach to conducing written discovery. *See* Exh. 2 of Motion to Compel RFA Responses. Plaintiff flatly refused to do so and, instead of acknowledging the objections that she might face if her requests were left unaltered, sought to shorten the Department's response time when she demanded a response "by noon on October 5, 2007" via her letter of October 3, 2007. *See* Exh. 3 of Motion to Compel RFA Responses. By an electronic mail message the Department advised Plaintiff's counsel that it would be taking appropriate action in a timely manner. *See* Exh. 4 of Motion to Compel RFA Responses.

Without awaiting the Department's timely response as promised, however, Plaintiff filed her Motion to Compel RFA responses on October 8, 2007. *See* Doc. No. 27. In her Motion to Compel, Plaintiff curiously claims that "Defendant's responses [to the RFA] *were* due on October 30, 2007." See Motion to Compel RFA Responses at 1. Moreover, conspicuously absent from her filing is any evidence that she attempted to confer prior to filing her Motion to Compel. Hence, because the Department's response to Plaintiff's requests are not due until October 30, 2007, and because Plaintiff has failed to confer, in good faith, pursuant to Local Civil Rule 37(a)(2)(A), her motion should be dismissed as premature.

III.    LEGAL ARGUMENT

    A.    Plaintiff's Motion is Premature Because the Department's Response is Not Due Until October 30, 2007 and Plaintiff Did Not Confer in Good Faith.

        1.    There is no Response Required to Plaintiff's Requests for Admissions Until October 30, 2007.

Fed. R. Civ. P. 36 provides that a request for admission is deemed admitted "unless within 30 days after service of the request, or within such shorter or longer time as the court may

allow . . . the party to whom the request is directed serves upon the party a written answer or objection addressed to the matter . . . ." Rule 6(e) adds three days to the due date to allow for delivery. Here Plaintiff sent a copy of her RFA on September 27, 2007. While the parties were in the midst of a dialogue, (*see* Motion to Compel RAF Responses Exhs. 2 - 4) and while the Department was weighing its options (*see* Exh. 4), Plaintiff, in an ostensible effort to narrow Defendant's response time-frame, filed this motion. She did so without even conferring with opposing counsel, as required by LCvR 7(m). Accordingly, Plaintiff's Motion should be denied as failing to meet the standards set out by the Federal Rules of Civil Procedure and for being brought prematurely.

        2.       Plaintiff Did not Make a Good Faith Attempt to
                 Resolve the Dispute Prior to Filing the Instant Motion.

A motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." Fed. R. Civ. P. 37(a)(2)(A). This Court has held that filing a motion to compel without conferring with opposing counsel in an effort to resolve a discovery dispute without the involvement of the court is a violation of the good faith requirement of Rule 37. *Campbell v. Microsoft Corp.*, 2006 WL 463263, *3 (D.D.C. 2006). In *Campbell*, during the discovery process the plaintiff submitted to the defendant two sets of interrogatories and requests for documents. *Id*. at *1. Approximately a month later, defendant submitted objections to all those interrogatories and document requests. *Id*. On the same day, plaintiff's counsel sent defendant an e-mail accusing the defendant of discovery abuses. *Id*. The next day, defendant responded to plaintiff's e-mail, explaining the factual and legal basis for defendant's position, and making overtures to confer about several ways to resolve the dispute. *Id*. Plaintiff then revised some interrogatories and withdrew others, and defendant subsequently served its

objections and answers to all the interrogatories and document requests that remained.

After this exchange, the plaintiff moved to compel discovery responses and for costs under Rule 37. *Id*. Noting that plaintiff's counsel had not spoken to defendant about this dispute, or otherwise attempted to resolve the dispute without the involvement of the court, Judge Roberts upheld Magistrate Judge Kay's determination that the "[p]laintiff's actions fall short of the basic good faith requirement" under Fed. R. Civ. P. 37. *Id*. at *3.

Here, Plaintiff has made not made a good faith effort to resolve this discovery dispute without the involvement of the Court. In response to the Department's most recent communication, advising plaintiff that the Department "will timely file appropriate documents"[1] (*see* Exh. 4 of Motion to Compel RFA Responses), Plaintiff simply filed a motion to compel. Indeed, rather than waiting until October 30, 2007, when the responses to the RFAs will become due, and thereupon evaluating the substance of the Department's response–be it a motion for a protective order, a further attempt to resolve the issues by the parties, or answers and objections to her requests–Plaintiff has prematurely moved to compel discovery not yet due, burdening the Court and violating the requirement of good faith. Therefore, her Motion to Compel RFA Responses should be denied.

---

[1] If Plaintiff's counsel was confused about the meaning of the foregoing, (although it is obvious that the Department was in the process of weighing its options) he could have simply contacted the undersigned for clarification instead of dashing off to the Court with yet another unwarranted request.

IV.     CONCLUSION

       For the foregoing reasons, Plaintiff's Motion to Compel Defendant to Answer Plaintiff's Requests for Admissions should be denied.

Dated: October 22, 2007.

                                              Respectfully submitted,

                                              _____/s/_____
                                              JEFFREY A. TAYLOR
                                              D.C. Bar #498610
                                              United States Attorney

                                              _____/s/_____
                                              RUDOLPH CONTRERAS
                                              D.C. BAR #434122
                                              Assistant United States Attorney

                                              _____/s/_____
                                              MERCEDEH MOMENI
                                              Assistant United States Attorney
                                              Civil Division
                                              555 4th Street, N. W.
                                              Washington, D.C.  20530
                                              (202) 305-4851

*Of Counsel*:
JACQUELINE JACKSON
Senior Attorney
U.S. Department of the Interior
Office of the Solicitor
Washington, D.C.  20240

5

CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of October, 2007, a copy of the foregoing Opposition to Plaintiff's Motion to Compel Defendant to Answer Requests for Admissions was filed with the Clerk of the Court and served via the Court's ECF system on Plaintiff's counsel:

Charles W. Day, Jr., Esq.
Myrrel C. Hendricks, Jr., Esq.
Gebhardt & Associates, LLP
1101 17th Street, N.W., Suite 807
Washington, D.C. 20036-4716

/s/
_____
MERCEDEH MOMENI
Assistant United States Attorney
Judiciary Center
555 Fourth Street, N.W.
Washington, D.C. 20530