# EXHIBIT A



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

October 24, 2007

**Via Electronic Mail and Facsimile**
Myrrel C. Hendricks, Jr. Esq.
Charles W. Day, Jr., Esq.
Gebhardt & Associates
1101 17th Street, NW, Suite 807
Washington, DC 20036-4716

*Re: Damadio v. Kempthorn*
*Civil Action No. 06-1503*

Dear Messrs. Hendricks and Day:

We write to notify Plaintiff of the Department's concerns about her First Set of Interrogatories, and to continue our discussions regarding her First Request for Admissions. Although the latter is address below, we look forward to discussing Plaintiff's interrogatories during our scheduled call at 2 p.m., today.

Plaintiff's Request for Admissions

Further to our discussions regarding Plaintiff's ninety-nine (99) requests for admissions (RFA), dated September 27, 2007, it is still clear that they are unduly burdensome and border on harassment and are improper because some even present arguments and/or call for legal conclusions.

Preliminarily, we remind you of our Joint R.16.3 Report, filed with the Court on December 15, 2006, wherein the parties agreed, under paragraph 8, that they "should be limited to . . . twenty five (25) each of interrogatories, requests for production of documents and requests for admissions." *See* USDC Pacer Doc. No. 8 (as amended by Doc. No. 9, on unrelated matters). It is unfortunate that Plaintiff would choose to ignore the previously agreed upon limitations on the number of written requests, in such a manner, and truly regrettable that she would engage in motion practice about this issue (*see* USDC Pacer Doc. No. 27).

Additionally, courts across the country have recognized that an excessive number of requests for admissions may be unduly burdensome, especially when they are a part of a scorched

earth discovery strategy. *See e.g., Taylor v. Great Lakes Waste Serve. et al.*, 2007 WL 422036 (E.D. Mich. 2007) (noting that although the Federal Rules "do not limit the number of requests that a party may serve, many courts have limited by local rule the number to 25 per party), citing *Oklahoma ex. rel. Edmundson v. Tyson Foods, Inc.*, 2007 WL 54831 (N.D.Okla. Jan. 5, 2007) and *Estate of Manship v. United States*, 232 F.R.D. 552 (M.D.La. Dec. 8, 2005). *See also, Gannon v. United States*, 2006 WL 2927639, at *1 (E.D. Pa. Oct. 6, 2006); *Haley v. Harbin*, 933 So.2d 261, 263 (Miss. 2005); *Untied States ex. rel. Regan v. Medtronic, Inc.*, 2000 WL 1478476, at *5 (D.Kan. July 13, 2000); *Leonard v. Univ. of Del.*, 1997 WL 158280, at *7 (D.Del. March 20, 1997).

Finally, we still hold the position that Plaintiff's RFAs are an attempt to circumvent the limits imposed by the Federal Rules of Civil Procedure and the Local Rules, as well as our agreement. *Jones v. Boyd Truck Lines*, 11 F.R.D. 67, 69 (W.D. Mo. 1951). Plaintiff is essentially trying to use her requests for admissions as additional interrogatories. Allowing these requests to stand would be improper because it would effectively circumscribe the limit of twenty-five interrogatories created by Federal Rule of Civil Procedure 33(a). *See also Meixsell v. Delaware, L. & W.R.R.*, 26 F.R.D. 152, 152 (E.D. Pa. 1960) ("[W]e cannot ignore the differentiation between [Rule 33 and Rule 36], the purposes and functions of which are separate and distinct.").

As stated in our letter of October, 1, 2007, we feel strongly enough about this issue to seek a protective order. Accordingly, this is our last attempt to discuss the issue, as required by Rule 37(a). I look forward to hearing your position during our scheduled call this afternoon. Of course, if Plaintiff withdraws her ninety-nine (99) requests for admissions and reissues an appropriate set, at a later date, we will respond in a timely manner. In light of the foregoing and Plaintiff's October 8, 2008 Motion to Compel, (wherein Plaintiff advised the Court that Defendant's responses to Plaintiff's 99 requests for admission "*were* due on October 30, 2007") (*see* USDC Pacer Doc. No. 27), as well as our Opposition (Doc. No. 32), it would seem prudent to withdraw Plaintiff's Motion to Compel. This will save the Court from having to entertain an unnecessary motion.

As we have stated all along, we are open to good faith discussions in order to avoid discovery-related motion practice.

Sincerely,

JEFFREY A. TAYLOR
United States Attorney

By:  /s/ Mercedeh Momeni
MERCEDEH MOMENI
Assistant United States Attorney

cc: Jackie Jackson, Esq.